UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| D. G. Sweigert,<br>Plaintiff<br><br>-against-<br><br>Jason Goodman,<br><br>21st Century 3D<br><br>CrowdSource The Truth<br><br>PATREON, INC.<br>*A Delaware Corporation*<br><br>Defendants | PRO SE<br><br>1:23-cv-01228-JRS-MG<br><br>Judge James R. Sweeney II<br><br>Magistrate Judge Mario Garcia<br><br>**FILED**<br>**11/28/2023**<br>U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF INDIANA<br>Roger A.G. Sharpe, Clerk |

**PLAINTIFF'S SUPPORTING BRIEF TO ACCOMPANY ECF NO. 22
"PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO
STAY PROCEEDINGS (ECF no. 17 & 18) WITH REQUEST FOR SANCTIONS"**

Pursuant to the document "Practice and Procedures for District Judge James R. Sweeney II (Appendix A)" this is a SUPPORTING BRIEF. This SUPPORTING BRIEF provides legal argument to be considered with **ECF no. 22.**

Sworn under penalties of perjury. Signed November 28, 2023  (11/28/2023)

*[signature]*

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

## INTRODUCTION

1.   This is a garden-variety defamation[1] action against a YouTuber, Defendant Jason Goodman, who operates a for-profit social media business providing podcasts under the "Crowdsource The Truth" (**CSTT**) trademark to the public.

2.   Mr. Goodman, in his motion papers (ECF no. 18), seeks an evidentiary hearing to create a factual record for a criminal investigation of the Plaintiff's wire fraud and collusion with the Clerk staff.

### *Goodman's history of filing frivolous claims*

3.   Defendant *pro se* Goodman has a long history of submitting multiple frivolous claims in various federal courts[2]. In fact, Mr. Goodman has been ordered to advise any state or federal court in which he is a party to litigation that he has violated a court-issued protective order, quoting in relevant part:

> "Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again.[3]"

4.   The above comment was taken from an e-mail message sent by Goodman to notorious lawyer Larry Klayman[4] who has been suspended from the practice of law in several jurisdictions[5] and has recently received a cease-and-desist order from the State Bar of

---

[1] Defamation in Indiana means that someone has "published," verbally or by the written word, something that tends "to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." *Rambo v. Cohen* 587 N.E.2d 140,145 (Ind. Ct. App. 1992).
[2] See the Plaintiff's Request for Judicial Notice (filed separately due to the length of the pleading) THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES v. MULTIMEDIA SYSTEM DESIGN, INC. d/b/a "CROWDSOURCE THE TRUTH", 20-cv-07269-VEC-OTW, S.D.N.Y. Order of 11/09/2023 and order of 02/22/2022.
[3] Case 1:23-cv-01228-JRS-MG Document 21-1 Filed 11/23/23 Page 5 of 15 PageID #: 199
[4] Case 1:23-cv-01228-JRS-MG Document 21-1 Filed 11/23/23 Page 4 of 15 PageID #: 198.
[5] https://news.bloomberglaw.com/us-law-week/dc-circuit-suspends-attorney-klayman-as-reciprocal-discipline

California[6] for the unauthorized practice of law. Mr. Goodman has stated in recent video podcasts that "he is good friends" with Larry Klayman.

5.Although Defendant's motion papers (ECF no. 18) are difficult to decipher at times, Goodman alleges that (1) Plaintiff committed several instances of wire fraud by conspiring with the Clerk staff, (2) the Clerk staff have engaged in fraud upon the court, (3) an evidentiary hearing is needed to gather materials for a purported criminal matter and (4) an extraordinary stay of proceedings is required. Coincidentally, these are nearly identical allegations raised by Mr. Goodman in the U.S. District Court for the Eastern District of Michigan (M.I.E.D.) for which he was sanctioned for harassing court staff with frivolous allegations of "fraud on the court".

6.To illustrate Mr. Goodman's bad faith, he filed his motion papers concurrently with a non-casual social media "blitzkrieg" (his words) campaign to crime buster the Plaintiff. The social media "blitzkrieg" ostensibly shows Mr. Goodman in the light of a quasi-legal official prosecuting the Plaintiff to satisfy the entertainment appetites of his pay-per-view subscribers on PATREON.COM (Co-Defendant). This is known as litigation by press release to raise monies, a common practice of Larry Klayman.

### *Injuries that occurred in Indiana*

7.To establish the State of Indiana as the location of the alleged injurious conduct that provides this Court jurisdiction and venue the following is offered. Plaintiff's father G. H. Sweigert lived in Fort Wayne for thirty (30) years, one son and several grandchildren live in Fort Wayne to this day. Other sons and grand children live in Indiana. G.H. Sweigert taught electronics technology at a State university in Fort Wayne. G. H. Sweigert held the highest

---

[6] Larry Klayman, dba Integrity Group; Klayman Law Group, P.A. of Beverly Hills: UPL Cease and Desist Notice sent on October 3, 2022

grade of radio amateur operator's license, a commercial First-Class Radio Telephone license and was a well-known member of the vibrant Fort Wayne Radio Club. He is the undisputed inventor of the cordless telephone and was a disabled WW II combat veteran.

8.  G.H. Sweigert was a proud member of the Ohio National Guard, the 37th Division, one of the first units activated in WW II. G.H. Sweigert had enlisted in the 37th Division as a radio operator 14 months prior to Pearl Harbor, December 7, 1941. Prior to Mr. Goodman, George H. Sweigert and his descendants enjoyed an undisturbed and good reputation in Indiana.

9.  Mr. Goodman has broadcast to tens of thousands of social media users (thousands in Indiana) that George H. Sweigert was actually stationed in Europe during WW II and was a NAZI collaborator, not a decorated U.S. Army Staff Sergent with the Combat Infantry Badge for combat operations in the South Pacific (Guadalcanal, Fiji Islands, Solomon Islands, Philippines, etc.).

10. In fact, (according to Goodman) it was the Third Reich that transferred the technology of the cordless phone to G. H. Sweigert (who should have been killed in Germany, Goodman advises). After the war, Goodman proclaims, G.H. Sweigert was a benefactor of the notorious OPERATION PAPERCLIP program, which resettled NAZI war criminals and scientists. The claim to have evidence to support these outlandish statements is used by Goodman to incite the Jewish community to "exterminate" the Sweigerts as German NAZIs. Injuries and damages to the Sweigerts in Indiana are almost incalculable.

11. Mr. Goodman's vile slander of the Sweigert family as descendants of a German NAZI war criminal is dangerous on its face and places the family (and Plaintiff) in peril. The Sweigert family must now endure the stigma as children of a NAZI, NAZI collaborator, Operation Paper

4

Clip war criminal, etc. This directly impacts the memory of George H. Sweigert and the well-being of the Sweigert family residing in Indiana.

12.     Not surprisingly, Mr. Goodman is presently defending against the widow of Robert David Steele (former U.S. Marine Corps intelligence officer) in the Eastern District of Virginia for similar libel and defamation of her late husband, *Steele v. Goodman*, 3:21cv573 (E.D. Va. Sep. 15, 2022) ( https://casetext.com/case/steele-v-goodman-4 )

## FACTS

13.     Strange events occurred on November 22, 2023, the 60th anniversary of the assassination of President John F. Kennedy (JFK) in Dealey Plaza, Texas. Mr. Goodman is an avid JFK assassination hoax expert and has broadcast many times from the assassination site at Dealey Plaza. As if to virtually assassinate the character of the Plaintiff, the Defendant distributed hundreds of copies of ECF no. 18 over the Internet just moments after the motion papers appeared on docket.

14.      Simultaneous with the docketing of ECF no. 18, the Defendant launched an "over the top" multi-platform social media campaign ("blitzkrieg") to blast ECF no. 18 far and wide. Mr. Goodman's main web-site "splash" page ("**https://crowdsourcethetruth.org/**") suddenly carried the headline "ALLEGATIONS OF FRAUD UPON THE COURT AGAINST DAVID SWEIGERT" with a download button for ECF no. 18 (**Exhibit A**)[7]. This indicates advance planning as the re-configuration of the web-site's code and software were required.

---

[7] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 4 of 33 PageID #: 214

15. Mr. Goodman's very public promotion of ECF no. 18 document downloads includes at least three (3) podcasts on the YouTube channel known as "CrowdSource the Truth 10[8]" (**Exhibit B-1**)[9].

16. Mr. Goodman states in another video podcast "This is a Counter Lawfare Thanksgiving Special" and he he was "cracking up" with childlike glee when creating the "Stupid Mario World" thumbnail depicting the Plaintiff as a balloon (see closed caption of video, **Exhibit B-2**)[10]. Goodman tells his audience "I guess I am boasting now, I am the King of Counter Lawfare" and a "counter lawfare practitioner" (**Exhibit B-3**)[11]. The video also promotes ECF no. 18 document downloads (**Exhibit B-4**[12] **and B-5**[13]) while soliciting for the collection of monies via PAYPAL.COM (**Exhibit B-6**)[14].

17. It would be obvious to a reasonable observer that the real motive for the filing of his motion papers was to widely distribute ECF no. 18 to a swath of the public combined with pleas for funds and subscribers. As Mr. Goodman opined in the video commentary, "I am not waiting or holding my breath, that is but one artillery battery in the counterlawfare blitzkrieg" (**Exhibit B-7**)[15]. Also "Help Support the Counterlawfare effort" (**Exhibit B-8**)[16].

---

[8] As Goodman has made this an issue in his motion papers, the CSTT trademark is held by Mr. Goodman's company Multimedia System Design, Inc.

[9] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 6 of 33 PageID #: 216
[10] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 6 of 33 PageID #: 216
[11] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 7 of 33 PageID #: 217
[12] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 7 of 33 PageID #: 217
[13] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 8 of 33 PageID #: 218
[14] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 8 of 33 PageID #: 218
[15] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 9 of 33 PageID #: 219
[16] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 9 of 33 PageID #: 219

18.     Mr. Goodman also promoted the aforementioned video on Twitter (**Exhibit C**)[17]. A "tweet" advises Goodman has filed a complaint against the Plaintiff with the Indiana State Attorney General (**Exhibit D**)[18] and promotes related video podcasts (**Exhibit E**)[19].

19.     On Mr. Goodman's "GHenryDickFace" Twitter account (with the image of George H. Sweigert in military uniform with a penis attached to his nose) the Defendant published several tweets boasting of the docketing of ECF no. 18 as some kind of school yard bully tactic (**Exhibit F**)[20]. For context it is instructive to note that Mr. Goodman has written in e-mail messages to the Plaintiff stating, "they should be arresting you for mail fraud" (**Exhibit G**)[21].

20.     The end game of the foregoing publications is to tarnish the Plaintiff's good name and to drive new pay-per-view subscribers to the Co-Defendant PATREON.com web-site (**Exhibit H-1**[22] and **H-2**[23]). The common denominator of many of these tweets is that the Plaintiff is soon to be arrested and is heading to jail (**Exhibit I-1**[24] (Plaintiff depicted with noose around his neck) and **I-2**[25]).

21.     In his fund-raising efforts for the "counter lawfare fund", Mr. Goodman is known to work with other "counter lawfare practitioners" and has distributed a series of "COUNTER LAWFARE" podcasts featuring Indiana resident Brian Vukadinovich, a self-described expert at acting as a *pro se* litigant (**Exhibit J-1**[26] and **J-2**[27]). Mr. Vukadinovich, has published the book

---

[17] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 11 of 33 PageID #: 221
[18] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 12 of 33 PageID #: 222
[19] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 13 of 33 PageID #: 223
[20] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 14 of 33 PageID #: 224
[21] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 15 of 33 PageID #: 225
[22] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 16 of 33 PageID #: 226
[23] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 17 of 33 PageID #: 227
[24] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 18 of 33 PageID #: 228
[25] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 19 of 33 PageID #: 229
[26] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 20 of 33 PageID #: 230
[27] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 21 of 33 PageID #: 231

*Rogues in Black Robes* (**Exhibit K**)[28] which is highly critical of Indiana jurists.  See

*Vukadinovich v. Hanover Cmty. Sch. Corp.,* 2:13-CV-144-PPS (N.D. Ind. Nov. 2, 2016).  Mr.

Goodman has very publicly endorsed other books by this author and apparently visited Indiana

many times to meet with the author directly for podcasts.

## DEFENDANT'S MOTION IS IMPROPER AND UNSUPPORTED

### *Fraud on the court*

22.     As a threshold issue, courts have not explicitly defined the concept of "fraud on the

court."[29]  Federal Rule of Civil Procedure 60 sets forth the grounds under which a judgment

may be set aside, but Rule 60(d)(3) states Rule 60 does not limit a court's power to set aside a

judgment for fraud on the court.[30]  Rule 60(d)(3) is the codification of a court's inherent power

to investigate <u>whether a judgment</u> was obtained by fraudulent conduct[31].  However, final

judgments are not often overturned based upon a fraud on the court claim and will typically

only occur in extraordinary cases.[32]

23.     There has been no final judgement in this action.  Therefore, Mr. Goodman's motion

papers do not describe sufficient instances of "fraud upon the court".  Ordinarily, a finding of

fraud on the court is limited to egregious cases, including "bribery of a judge or juror, or

improper influence exerted on the court by an attorney, in which the integrity of the court and

its ability to function impartially is directly impinged." *Great Coastal Express v. Int'l

Brotherhood of Teamsters ,* 675 F.2d 1349, 1356 (4th Cir. 1982).

---

[28] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 22 of 33 PageID #: 232
[29] United States v. Estate of Stonehill, 660 F.3d 415, 444 (9th Cir. 2011)
[30] In re Roussos, 541 B.R. 721, 728-29 (Bankr. C.D. Cal. 2015)
[31] Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946)
[32] Addington v. Farmers Elevator Mut. Co., 650 F.2d 663, 668 (6th Cir. 1981)

24.     Fraud upon the court is a "serious allegation . . . involving 'corruption of the judicial process itself'." *Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.*, supra 827 F.2d at 986 quoting In re *Whitney-Forbes,* 770 F.2d 692, 698 (7th Cir. 1985).

25.     "Fraud on the court occurs only in the most extraordinary and egregious circumstances and relates to conduct that might be thought to corrupt the judicial process itself, such as where a party bribes a judge or inserts bogus documents into the record," *Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1080 (7th Cir. 2016).

26.     In *Vukadinovich v. Hanover Cmty. Sch. Corp.,* 2:13-CV-144-PPS (N.D. Ind. Nov. 2, 2016) the court opined:

> "In addition, the School's failure to raise this publicly available fact at trial is not fraud on the Court, as Vukadinovich argues at length, and certainly not the type of conduct from which Rule 60 is intended to protect litigants. *Citizens for Appropriate Rural Roads v. Foxx,* 815 F.3d 1068, 1080 (7th Cir. 2016) ("Fraud on the court occurs only in the most extraordinary and egregious circumstances and relates to conduct that might be thought to corrupt the judicial process itself, such as where a party bribes a judge or inserts bogus documents into the record."); *Best v. United States, No*. 2:00-CR-171, 2011 WL 321153, at *1 (N.D. Ind. Jan. 26, 2011) ("An action for fraud on the court is available only to 'prevent a grave miscarriage of justice.'" (quoting *United States v. Beggerly,* 524 U.S. 38, 47 (1998))). For these reasons, Vukadinovich's motion must be denied."

27.     Under Indiana law, such a claim as "fraud on the court" is "narrowly applied and is limited to the most egregious circumstances involving the court." *Humber v. Smith,* 655 N.E. 2d 602, 607 (Ind.Ct.App. 1995) (citations omitted).  <u>Furthermore, Indiana case law indicates that such a claim can only be used to attack an existing judgment</u>, see *Matter of Paternity of K.M.,* 651 N.E. 2d 271, 277 (Ind.Ct.App. 1995) (describing "fraud on the court" as a way to attack a

9

judgment); In re *Paternity of Tompkins*, 518 N.E.2d 500, 507 (Ind.Ct.App. 1988) (fraud on the court is "an independent action to set aside a judgment").

28. Therefore, ECF no. 18 is premature on its face in a case where there is, as of yet, no existing judgment. Thus, it appears that the Defendant could raise a "fraud on the court" claim to attack an unfavorable judgment in this case, should one occur. But Mr. Goodman may not raise the claim now. See *Forster v. Hoover*, No. 3:08 CV 15 (N.D. Ind. Apr. 16, 2008). On this basis alone the request for an evidentiary hearing should be denied.

29. Liberal application by the courts in this regard is not encouraged, as fraud on the court "should be read narrowly, in the interest of preserving the finality of judgments." *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir. 1971). For example, in order to provide grounds for relief, the fraud must "involve an `unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988) (quoting Toscano, 441 F.2d at 934). Mr. Goodman's "fraud on the court" claims about the change of address (ECF no. 4) lack legal sufficiency to establish fraud on the court.

### *Evidentiary hearing for fraud upon the court by the Clerk's staff*

30. At para. 13 in his motion papers (ECF no. 18) Goodman states;

"Goodman alleges this outrageous fraud upon the Court was perpetrated in violation of 18 U.S. Code §§ 1341 and 1343 so Sweigert could claim the Court has jurisdiction over matters intended to harass Goodman." [emphasis added]

31. Thus, Goodman is describing what he believes are violations of the mail and wire fraud criminal laws,

"Goodman hopes the Court will use its substantial power to investigate these allegations and upon verification, act with its full strength to punish the guilty, including if appropriate, referral to Attorney General Rokita for criminal prosecution," (para. 13, ECF no. 18).

32. As with Mr. Goodman's public allegations of mail fraud against the Plaintiff in 2019, Mr. Goodman never reports the infringing activity to the U.S. Postal Service, but to inappropriate agencies like the F.B.I. and this civil forum (**Exhibit L**)[33]. This feeds the excitement of Co-Defendant PATREON.COM subscribers who have paid to follow the crime busting saga of COUNTERLAWFARE.

33. Mr. Goodman's argument at para. 16 (ECF no. 18) is that the Court was defrauded in some vague manner,

> "[s]urely the Court cannot tolerate litigation practices that violate criminal statutes. By knowingly filing a false change of address, Sweigert devised a scheme intended to defraud this honorable Court into ensuring him access to the laws and valuable judicial resources of the people of the state of Indiana."

34. Plaintiff already had access to the laws of the State of Indiana as an out-of-state plaintiff prior to filing the change of address notice. Indiana is the forum state where the injuries inflicted upon G. H. Sweigert and his heirs has occurred.

35. Concerning the submission of a standard request for a summons document:

> "Goodman alleges on information and belief that Sweigert violated 18 U.S. Code § 1343 when he filed two requests for summonses on the Court's ECF docket, (ECF Nos 14 and 15)," para. 26, ECF no. 18, continuing,
>
> "however several points of suspicious evidence raise questions about these filings sufficient for the Court to investigate further."

36. At para 34, ECF no. 18, Mr. Goodman states:

> "[t]he documents are stamped as filed on Saturday November 18, but inspection of the document properties show that it was not created until November 20. While it is possible

---

[33] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 23 of 33 PageID #: 233

for something like this to happen with a normal filing on a Saturday, it is unusual that the clerks did not enter the filing that following Monday and rather waited one day until Tuesday November 21, despite evidence of interaction with the document the day before."

37.   Even if true, this claim is insufficient to reach the threshold of "fraud upon the court". A reasonable observer would conclude that this is a frivolous and groundless claim and an evidentiary hearing to investigate same would be futile and cause needless delay. This is a very similar approach taken by Goodman to allege <u>wire fraud and fraud on the Court</u> involving a conspiracy with the Clerk staff in the M.I.E.D. This wire fraud conspiracy approach appears to be Mr. Goodman's strategy to create a prejudicial collateral attack on the Plaintiff that will delay the proceedings.

### *Previous sanctions*

38.   Mr. Goodman appears fond of force-feeding wire fraud allegations and related conspiracies on to the courts to entertain his pay-per-view Co-Defendant PATREON.COM audiences. Earlier this year, Mr. Goodman sued the Plaintiff, Adam Sharp and several others for conspiracy and wire fraud charges in *Goodman v. Bouzy* (https://www.courtlistener.com/docket/61634515/goodman-v-bouzy/?page=2 ) (dismissed with prejudice and sanctions in the form of a pre-filing order (**Exhibit M**)[34]). That sanction resulted, in part, from Goodman vigorously promoting improper court pleadings on social media and the Co-Defendant PATREON.com channel.

39.   In Mr. Goodman's own words:

> Malicious liar and putative criminal @Adams was served yesterday in Goodman v the City of New York. New evidence presented since that filing suggests that Sharp's suspected associate <u>David George Sweigert</u> (Plaintiff) instructed individuals to attack

---

[34] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 25 of 33 PageID #: 235

12

me outside @X headquarters in #NYC on Nov 1, 2022. This would have been motivated by their desire to prevent me from sharing the #TwitterCoup report with @ElonMusk.

Adam Sharp is a malicious and evil individual who I allege worked with <u>corrupt Jurist Valerie Caproni, Sweigert</u> and others to deny me a fair trail,[sic] destroy the financial success of my business and attempt to rob me of all my resources including my home. These evil, corrupt individuals, including but not limited to Sharp <u>will be sued until justice</u> is served or I am able to proceed. <u>It is my hope that the process will reveal evidence of criminality</u> sufficient to put Sharp and his co-conspirators on trial for treason and eventually found guilty and served the harshest available sentence [sic]. Sharp still has an opportunity to reverse course and fix what he has done but time is running out. <u>His failure to do that will result in total legal destruction and ultimate incarceration. I promise, I will not rest until that is achieved.</u>

(**Exhibit N**)[35] [emphasis added]

40. Clearly Mr. Goodman is inappropriately attempting to use this forum of civil litigation to "reveal evidence of criminality". A private citizen may not prosecute a criminal action in federal court. *See Leeke v. Timmerman,* 454 U.S. 83, 86 (1981) (per curiam) (reaffirming that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). On this basis alone the Court should dismiss Mr. Goodman's motion for lack of standing (ECF no. 18).

41. "In cases where a private citizen seeks to enforce or prosecute a criminal statute, courts have routinely found that the citizen does not have standing to do so," *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018). This Court has no standing to entertain such a request from a private citizen.

---

[35] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 27 of 33 PageID #: 237

42. Mr. Goodman's Twitter proclamation (above) demonstrates his bad faith in seeking an evidentiary hearing in his motion papers, which were used inappropriately in a mass marketing campaign ("blitzkrieg") to harass, embarrass and humiliate the Plaintiff.

*Confusion over 1 of 2 Sweigert residences in Fort Wayne*

43. In his motion papers Mr. Goodman insinuates that an out-of-state plaintiff cannot attempt to receive mail at an in-state location and docket a change of address. Out-of-state plaintiffs routinely file actions to take advantage of the laws of the forum state. Whether in-state or out-of-state the Plaintiff was legally entitled to file this action. The Plaintiff does not have to demonstrate residency.

44. Mr. Goodman fails to realize that at least a dozen members of the Sweigert family are spread-out all across Indiana (to include Robert A. Sweigert and Andrew G. Sweigert named by Mr. Goodman in ECF no. 18). To the Plaintiff's recollection there were at least two households of Sweigerts in Fort Wayne and the Plaintiff confused the street address of the households. The other Sweigert household in Fort Wayne still exists.

45. Each Sweigert, including Robert A. Sweigert (household) and Andrew G. Sweigert (household) has the opportunity to join this litigation in joinder as decedents of George H. Sweigert, a now deceased disabled WW II combat veteran.

## REQUEST FOR SANCTIONS

*Profit motive in requesting hearing*

46. Mr. Goodman, via CSTT, distributes dozens of for-profit social media podcasts and tweets each week to draw would be subscribers to Co-Defendant PATREON.com. Mr. Goodman claims that he is a "counter lawfare practitioner" and solicits donations via PAYPAL funds transfers to support his COUNTER LAWFARE FUND. In Mr. Goodman's own words

these publicly solicited funds are urgently needed obstinately to fight "Lawfare" practitioners like the Plaintiff.

47. To that end, concurrent with the filing of his motion papers, Mr. Goodman has been busy on social media in a "blitzkrieg" manner falsely promoting the Court's unscheduled hearing for mail fraud charges against the Plaintiff.

48. It is instructive to note that only a few months ago Mr. Goodman widely promoted on social media the legal action against President of the EMMY Awards (Adam Sharp) and the Plaintiff for participating in a criminal wire fraud conspiracy (dismissed with prejudice in the Southern District of New York, *Goodman v. Christopher Bouzy,* 1:21-cv-10878 ( https://www.courtlistener.com/docket/61634515/goodman-v-bouzy/ ))

49. Mr. Goodman has also initiated what is known as a "LAWTUBE" legal action the City of New York, the New York Police Department and Adam Sharp (third time Sharp sued) (*Goodman v. NYPD, X CORP,* et. al., 23-cv-09648-JGLC-GWC, S.D.N.Y.). These actions receive countless hours of discussion by Mr. Goodman on his social media for-profit enterprise at the Co-Defendant PATREON.com.

50. Mr. Goodman is the former associate of self-described "LAWTUBE" attorney Nathanial Broughty, a New York State bar member and former New York City police officer. Mr. Broughty and Mr. Goodman both filed federal lawsuits against a social media personality known as "Chris Bouzy" and both participated in joint social media fund raising activities (aka "Bouzy Bucks"). All of the foregoing activities have been documented in video podcasts. Funds raised ("Bouzy Bucks") exceeded $55,000.00 US on a GoFundMe account as of 11/22/2023.

51.     The above formula is used to create a vile and despicable target and then raise money for social media fueled legal actions against that target.  Then Mr. Goodman promotes a "hearing" or "court investigation" into the intended target to satisfy subscribers as to their investment in counterlawfare.  Mr. Goodman is using that same formula here.

***Knowledge of the futility of his allegations***

52.     At para. 30, ECF no. 18, Mr. Goodman elaborates on a conspiracy theory in the M.I.E.D., in nearly an identical situation as described in para. 34 concerning local Court staff.  In the video podcast represented by **Exhibit B,** Mr. Goodman explains his interactions with the Federal Bureau of Investigation (F.B.I.) field office in Detroit, Michigan (time-mark 2:01.17) about his M.I.E.D. conspiracy notions.  Although the M.I.E.D. thoroughly dismissed this non-sense Goodman brings these recycled M.I.E.D. fraud on the court allegations into this Court.  However, a federal court has no jurisdiction to hear or review the "fraud upon the court" claims that occurred in another jurisdiction (M.I.E.D.).

53.     In his video presentation (**Exhibit B**) Mr. Goodman recounts his telephone discussions and e-mail messages back and forth with Detroit F.B.I. personnel about a PDF file on the ECF docket that Mr. Goodman insisted was a "forgery".  Mr. Goodman reported to his audience that the F.B.I. advised him that his conclusions were wrong and declined further action (**Exhibit B**).

54.     The foregoing example illustrates Mr. Goodman's "will not take "no" for an answer" attitude.  It is clear, from Mr. Goodman's own video podcast explanations, that the F.B.I. saw no basis for an investigation over a trivial docket filing anomaly.

55.     Now, in this Court, Mr. Goodman weaves a tale that involves the same kind of nefarious activity by the Clerk staff in Indiana as identical to what occurred in Michigan (Goodman selects "judicial officers" to support fraud on the court jurisdiction).

56. M.I.E.D. District Judge Gershwin Drain admonished Mr. Goodman to discontinue his practice of harassing Clerk staff with upsetting telephone calls after hours (as late as 11 p.m.)[36] (**Exhibit O**)[37]. As Judge Drain opined:

> "It has recently come to the Court's attention that Defendant Goodman, as early as June of 2021, has contacted Court personnel complaining about the manner in which pro se documents are filed on the Court's electronic case management docketing system. Defendant Goodman has engaged in a pattern of harassing and abusive phone calls to Court personnel. Defendant Goodman has also contacted a federal law enforcement agent to lodge unfounded fraud claims against this Court's personnel. In the past month, Defendant Goodman has escalated his harassing behavior. He obtained the personal cellular and home phone numbers of Court staff and their family members and contacted them outside of Court business hours. During his phone calls, Defendant Goodman yells in a tirade raising myriad accusations against these Court personnel."
> Case 2:22-cv-10002-GAD-KGA ECF No. 12, PageID.126 Filed 02/11/22 Page 1 of 5

57. The Detroit F.B.I.'s notification to Mr. Goodman that there was no "smoking gun" in the M.I.E.D. is clear evidence that Mr. Goodman understands that his Michigan conspiracy theory and allegations about PDF date stamps cannot be proven or upheld in a criminal or civil litigation context. The narrative is now recycled here. Mr. Goodman has knowledge, as any reasonable observer would, that if the F.B.I. is not interested in mail or wire fraud it is a baseless accusation, an indication of bad faith.

58. The simultaneous nature of filing ECF no. 18 concurrent with his social media "blitzkrieg" indicates that the real purpose in docketing the motion papers was to drive the public, including residents of Indiana, to PATREON.COM. Salacious social media headlines

---

[36] Goodman has a long history of recording telephone calls. When he calls his target the phone call is recorded, edited, and is played back on his YouTube and PATREON.com channels.
[37] Case 1:23-cv-01228-JRS-MG Document 23 Filed 11/27/23 Page 28 of 33 PageID #: 238

about wire and mail fraud along with a criminal conspiracy are used by Mr. Goodman as "click-bait". Click-bait is the practice of trapping the unwary casual Internet browser that is scanning search engines.

59. Co-Defendant PATREON.COM subscribers are entertained by Mr. Goodman, who is at the center of yet another complex conspiracy indicating massive corruption in the federal court system, which the F.B.I. won't even touch. But, thanks to subscriber payments, Mr. Goodman, the "counterlawfare practitioner" and the "King of counterlawfare", who knows better than the F.B.I., can ferret out these criminals via unscheduled "hearings".

60. This type of profit-driven "blitzkrieg" makes a mockery out of this honorable Court and the Court should make it clear that the judicial system is not a playground for profit-driven YouTubers and Twitter personalities. Enough is enough.

## CONCLUSION

61. With his hopelessly deficient and frivolous Motion to Stay, Defendant has succeeded only in wasting the resources of both the State of Indiana Attorney General and the United States District Court. Mr. Goodman's motion papers lack a plausible legal argument to support any type of hearing. In this regard his motion can be described as an untimely collateral attack on the Plaintiff. Thus, the Plaintiff requests that this Court deny Defendant's Motion to Stay as improper and unfounded. The Court may wish to hold a show cause hearing as to why Mr. Goodman should not be cited for his frivolous conduct.

. Signed November 28, 2023 (11/28/2023)

*D. Sgt*

                                          **D. G. SWEIGERT PRO SE PLAINTIFF, C/O**
                                          **PMB 13339, 514 Americas Way,**
                                          **Box Elder, SD 57719**