

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

January 22, 2024

D.G. SWEIGERT
514 Americas Way
Box Elder, SD 57719

Tyler Mitchell Layton
Patreon, Inc.
600 Townsend St.
Ste 500
San Francisco, CA 94103


RE:  D.G. SWEIGERT v. PATREON, INC.

CAUSE NO:  1:23-cv-01228-JRS-MG

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 1:23-cv-01228-JRS-MG has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.


Please review [Seventh Circuit Rule 10](#) (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

# **Selected Rules for Reference**

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| Birch Bayh Federal Building | U.S. Courthouse, Room 104 | Winfield K. Denton Federal Building | Lee H. Hamilton Federal Building |
| & U.S. Courthouse, Room 105 | 921 Ohio Street | & U. S. Courthouse, Room 304 | & U.S. Courthouse, Room 210 |
| 46 East Ohio Street | Terre Haute, IN 47807 | 101 NW Martin Luther King Blvd. | 121 West Spring Street |
| Indianapolis, IN  46204 | (812) 231-1840 | Evansville, IN 47708 | New Albany, IN 47150 |
| (317) 229-3700 | | (812) 434-6410 | (812) 542-4510 |

January 22, 2024

RE:  D.G. SWEIGERT v. PATREON, INC.

CAUSE NO:  1:23-cv-01228-JRS-MG

Dear Appellant:

A Notice of Appeal was filed in the above case on January 20, 2024. However, a "Docketing Statement" was not filed along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

IMPORTANT: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

>    Christopher Conway, Clerk
>    United States Court of Appeals
>    219 South Dearborn Street, Suite 2722
>    Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

>    Sincerely,
>    Roger A. G. Sharpe,
>    Clerk of Court

>    By Karen Angermeier, Deputy Clerk
>    8122311842

# **Selected Rules for Reference**

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

   (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

   (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

   (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

   (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

   (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

     NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| D. G. Sweigert,<br>Plaintiff<br><br>-against-<br><br>Jason Goodman,<br><br>21st Century 3D<br><br>CrowdSource The Truth<br><br>PATREON, INC.<br>*A Delaware Corporation*<br><br>Defendants | PRO SE<br><br>1:23-cv-01228-JRS-MG<br><br>Judge James R. Sweeney II<br><br>Magistrate Judge Mario Garcia<br><br>**FILED**<br>**01/20/2024**<br>U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF INDIANA<br>Roger A.G. Sharpe, Clerk |

<u>NOTICE OF APPEAL TO THE U.S.</u>

<u>COURT OF APPEALS FOR THE SEVENTH CIRCUIT</u>

Pursuant to *Dzikunoo v. McGaw YMCA*, 39 F.3d 166 (7th Cir. 1994) the *pro se* Plaintiff files an appeal of the decision entered on 1/19/2024 known as ECF no. 45.

Signed January 19, 2024 (1/19/2024)

*D. Sgt*

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D.G. SWEIGERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01228-JRS-MG |
| | ) |
| JASON GOODMAN, | ) |
| 21ST CENTURY 3D, | ) |
| CROWDSOURCE THE TRUTH, | ) |
| PATREON, INC. A Delaware Corporation, | ) |
| | ) |
| Defendants. | ) |

**Order on Various Motions**

### I.   Introduction

"This action is between two *pro se* litigants who spend a great deal of time accusing one another of criminal conduct and other misbehavior on the internet." *Sweigert v. Goodman*, No. 18-CV-8653 (VEC), 2022 WL 168080, at *1 (S.D.N.Y. Jan. 19, 2022) (noting Parties' habit of filing "frivolous motions"). *See also Sweigert v. Goodman*, No. 23-CV-5875 (JGK), 2023 WL 6720322, at *1 (S.D.N.Y. Oct. 12, 2023) (mutual allegations of internet conspiracies); *Sweigert v. Cable News Network, Inc.,* No. 20-CV-12933, 2022 WL 842322, at *1 (E.D. Mich. Mar. 21, 2022) (Sweigert alleges defamatory conspiracy by CNN in which Goodman attempts to intervene); *Goodman v. Bouzy*, No. 21-CIV-10878-AT-JLC, 2023 WL 4235851, at *1 (S.D.N.Y. June 28, 2023) (Goodman alleges defamatory internet conspiracy by Sweigert and others). Sweigert and Goodman have now brought their fight to this Court. The gist of Sweigert's 41-page amended complaint with exhibits, (ECF No. 13), appears to be

that Swegiert resents Goodman's use of Sweigert's father's image to run a parody Twitter account, and perhaps to drum up support for a conspiracy-theory Patreon. (*See generally* Amd. Compl., ECF No. 13.)  Now before the Court are Goodman's Motion to Stay Proceedings, (ECF No. 18), and four Motions for Judicial Notice, (ECF Nos. 21, 28, 30, 42), from both Parties.

## II.   Discussion

The Court will be brief.  Neither the Amended Complaint, (ECF No. 13), nor, for that matter, any of the Parties' subsequent filings, comply with federal pleading rules, which call for a "short and plain" statement of claims, Fed. R. Civ. P. 8(a), and a "simple, concise, and direct" framing of allegations, Fed. R. Civ. P. 8(d).  With each filing litigants swear, under threat of sanction, that their purpose is not to harass and that their legal and factual contentions are not frivolous.  Fed. R. Civ. 11.  This Court has no jurisdiction over nonsense. *Ngola Mbandi v. Pangea Ventures LLC*, No. 22-3254, 2023 WL 4486703, at *2 (7th Cir. July 12, 2023).  The federal courts have "better things to do." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003)).

Form aside, there are other problems with this Court's subject-matter jurisdiction. Sweigert invokes the Federal Trade Commission Act and the Lanham Act as grounds for federal-question jurisdiction under 28 U.S.C. § 1331.  But "there is no private right of action under the [Federal Trade Commission] Act," *Fed. Trade Comm'n v. Walmart Inc.*, No. 22 CV 3372, 2023 WL 2646741, at *16 (N.D. Ill. Mar. 27, 2023) (collecting

2

authorities), and the Lanham Act's cause of action is available to commercial competitors, not to consumers, *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 108 (2014). "Litigants who simply cite federal statutes and say that their claims arise under federal law do not conjure federal-question jurisdiction under 28 U.S.C. § 1331." *Mbandi*, 2023 WL 4486703, at *2.

Likewise with diversity jurisdiction: Sweigert alleges "at least $75,001.00 in damages," (Amd. Compl. 4, ECF No. 13), to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. But a mere allegation of the amount in controversy is not enough to assure this Court of jurisdiction when it has reason to doubt that the allegation is made in good faith. *Sykes v. Cook Inc.*, 72 F.4th 195, 206 (7th Cir. 2023). How can an obscure internet squabble amount to $75,000 in damages?

Finally, there is the problem of venue. Sweigert, at the time of filing, had an Indiana address (which Goodman alleges was fraudulent), but now apparently resides in South Dakota. Goodman appears to reside in New York. The allegations concern internet trolling. What is this case doing in Indiana? Goodman seems to request that this case be transferred to New York for consolidation with one of the ongoing cases there, *Sweigert v. Goodman*, No. 23-CV-5875, (M. to Stay 18, ECF No. 18), where, the Court notes, one or both Parties may already be under sanction. The Court has broad power to transfer cases to districts in which they more properly belong. 28 U.S.C. § 1404; *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020). It seems that getting this case under the supervision of the New York

judge or judges, who have more experience with the Parties' litigation history, could well be warranted.

### III. Conclusion

The existing motions, (ECF Nos. 18, 21, 28, 30, and 42), are **denied**, except insofar as the Court takes judicial notice of the Parties' litigation history in other courts. Fed. R. Evid. 201(b)(2), 201(c)(1) and (2); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (notice of court records is quintessential example of appropriate judicial notice).

The operative Amended Complaint, (ECF No. 13), is **dismissed without prejudice** for failure to comply with Rule 8. Fed. R. Civ. P. 8(a).

That makes the Magistrate Judge's Order extending Patreon's Answer deadline, (ECF No. 40), **moot**, because there is now no Complaint to be answered.

The Court will give the Parties a chance to begin again.

Sweigert is given until **4:00 p.m. Friday, February 02, 2024,** to file a motion titled "Motion for Leave to File Second Amended Complaint." That Motion should contain only:

1. In the body of the Motion, in no more than **ten (10)** pages:

    a. A statement for or against transfer of this case to the Southern District of New York, and

    b. A proffer of jurisdictional facts on the amount in controversy; and

4

2. Attached to the Motion, in no more than **ten (10) pages**, a proposed Second Amended Complaint that complies with all applicable federal pleading standards.

Goodman shall have until **4:00 p.m. Friday, February 16, 2024,** to file a response, of no more than **ten (10) pages**, to the reasons for or against transfer and to the proffer of jurisdictional facts.

If Sweigert chooses not to file a Motion, the case may be dismissed without further notice. If the Parties' filings do not comply with the Court's instructions here, and with all applicable local rules, practices and procedures, and pleading standards, the filings may be stricken, and the case may be dismissed without further notice. If, on review, the Proposed Second Amended Complaint fails to correct the deficiencies identified in this Order, the Motion for Leave to File it may be denied and the case dismissed without further notice. The Court may also transfer the case without further notice.

**SO ORDERED.**

Date: 01/19/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Magistrate Judge Garcia

By CM/ECF to counsel of record.

5

By U.S. Mail to:

D.G. SWEIGERT
514 Americas Way
Box Elder, SD 57719

JASON GOODMAN
252 7th Avenue Apt 6s
New York, NY 10001

6

# *** PUBLIC DOCKET ***

APPEAL,NOD

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:23-cv-01228-JRS-MG

| | |
|---|---|
| SWEIGERT v. GOODMAN et al | Date Filed: 07/12/2023 |
| Assigned to: Judge James R. Sweeney II | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Mario Garcia | Nature of Suit: 320 Assault Libel & Slander |
| Cause: 28:1332 Diversity-Libel,Assault,Slander | Jurisdiction: Federal Question |

**Plaintiff**

**D.G. SWEIGERT**          represented by  **D.G. SWEIGERT**
514 Americas Way
Box Elder, SD 57719
PRO SE

V.

**Defendant**

**JASON GOODMAN**          represented by  **JASON GOODMAN**
252 7th Avenue Apt 6s
New York, NY 10001
PRO SE

**Defendant**

**21ST CENTURY 3D**          represented by  **21ST CENTURY 3D**
.
PRO SE

**Defendant**

**CROWDSOURCE THE TRUTH**          represented by  **CROWDSOURCE THE TRUTH**
.
PRO SE

**Defendant**

**PATREON, INC.**          represented by  **Tyler Mitchell Layton**
*A Delaware Corporation*                          Patreon, Inc.
600 Townsend St.
Ste 500
San Francisco, CA 94103
415-539-5886
Email: tyler@patreon.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 07/12/2023 | 1 | COMPLAINT against 21ST CENTURY 3D, CROWDSOURCE THE TRUTH, JASON GOODMAN, filed by D.G. SWEIGERT. (No fee paid with this filing) (CCG) (Entered: 07/13/2023) |
| 07/13/2023 | 2 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (CCG) (Entered: 07/13/2023) |
| 07/13/2023 | 3 | Notice to File Rule 7.1 Disclosure Statement. (RAGS) (CCG) (Entered: 07/13/2023) |
| 08/05/2023 | 4 | NOTICE of Change of Address for D.G. SWEIGERT. Address updated from 514 Americas Way Box Elder, SD 57719 to 1522 Vance Avenue, Fort Wayne, Indiana 46805. (JSR) (Entered: 08/07/2023) |
| 08/31/2023 | 5 | NOTICE to Pro se Litigant - The following information is provided to pro se litigants to inform them about rules and procedures governing how they communicate with the Court. (Copy mailed to Plaintiff.) (LBT) (Entered: 08/31/2023) |
| 09/10/2023 | 6 | Supplemental Complaint Evidence aka Request for Judicial Notice, filed by Plaintiff D.G. SWEIGERT. (Attachments: # 1 Exhibits) (JSR) (Entered: 09/11/2023) |
| 09/27/2023 | 7 | NOTICE OF DEFICIENCY - Your complaint has been received. You shall have through October 27, 2023 in which to either pay the $402 filing fee for this action or demonstrate that you lack the financial ability to do so by filing a motion for leave to proceed without the prepayment of the filing fee (in forma pauperis). A form motion for leave to proceed without the prepayment of the filing fee is being provided for your use. Failure to correct the deficiency may subject the case to dismissal for failure to prosecute. (Attachments: # 1 Motion to Proceed In Forma Pauperis Form) Copies to Plaintiff via US mail. (JSR) (Entered: 09/27/2023) |
| 10/01/2023 | 8 | NOTICE of Change of Address for D.G. SWEIGERT from 1522 Vance Ave, Fort Wayne IN 46805 to 514 Americas Way, Box Elder SD 57719. (LF) (Entered: 10/03/2023) |
| 10/13/2023 | 9 | Mail Returned as undeliverable. 7 Notice of Deficiency sent to D.G. SWEIGERT. (CKM) (Entered: 10/16/2023) |
| 10/17/2023 | 10 | Order Extending Deadline - Plaintiff provided notice of a change of address. In the interest of justice, the Court extends the deadline for Plaintiff to either pay the $402 filing fee or demonstrate a financial inability to do so until November 13, 2023. The Clerk shall send Plaintiff a copy of the Notice of Deficiency, (ECF No. 7 ), and the attached form request to proceed without prepaying the filing fee along with this Order. SEE ORDER. Copy sent to Plaintiff via US Mail. Signed by Judge James R. Sweeney II on 10/17/2023. (Attachments: # 1 Motion to Proceed In Forma Pauperis Form, # 2 7 )(JRB) (Entered: 10/18/2023) |
| 11/09/2023 | 11 | RECEIPT #7715 for filing fee in the amount of $402.00, paid by D.G. SWEIGERT. (DJH) (Entered: 11/09/2023) |
| 11/09/2023 | 12 | Letter from D.G. SWEIGERT received with payment. (Attachments: # 1 Envelope) (KAA) (Entered: 11/13/2023) |
| 11/11/2023 | 13 | AMENDED COMPLAINT against 21ST CENTURY 3D, CROWDSOURCE THE TRUTH, JASON GOODMAN, PATREON, INC., filed by D.G. SWEIGERT. (Attachments: # 1 Exhibits)(KAA) (Entered: 11/13/2023) |
| 11/18/2023 | 14 | Submission of Proposed Summons, filed by Plaintiff D.G. SWEIGERT. (LF) Modified on 11/21/2023 (LF). (Entered: 11/21/2023) |
| 11/18/2023 | 15 | Submission of Proposed Summons, filed by Plaintiff D.G. SWEIGERT. (LF) (Entered: 11/21/2023) |
| 11/22/2023 | 16 | Summonses Issued as to JASON GOODMAN, PATREON, INC.. (TPS) (Entered: 11/22/2023) |
| 11/22/2023 | 17 | NOTICE OF Motion to Stay Proceedings, filed by Defendant, Jason Goodman (DWH) Modified on 11/22/2023 to correct filer (DWH). (Entered: 11/22/2023) |

| | | |
|---|---|---|
| 11/22/2023 | 18 | MOTION (Memorandum) to Stay Proceedings, filed by Defendant Jason Goodman. (DWH) Modified on 11/22/2023 to correct filer (DWH). (Entered: 11/22/2023) |
| 11/22/2023 | 19 | CERTIFICATE OF SERVICE by JASON GOODMAN. (DWH) (Entered: 11/22/2023) |
| 11/22/2023 | 20 | CERTIFICATE OF SERVICE upon JASON GOODMAN by D.G. SWEIGERT. (JSR) (Entered: 11/27/2023) |
| 11/23/2023 | 21 | MOTION for Judicial Notice, filed by Plaintiff D.G. SWEIGERT. (Attachments: # 1 Exhibits) (JSR) (Entered: 11/27/2023) |
| 11/27/2023 | 22 | RESPONSE in Opposition re 18 MOTION to Stay, filed by Plaintiff D.G. SWEIGERT. (JSR) (Entered: 11/27/2023) |
| 11/27/2023 | 23 | EXHIBITS in Support re 22 Response in Opposition to Motion by D.G. SWEIGERT. (JSR) (Entered: 11/27/2023) |
| 11/27/2023 | 24 | CERTIFICATE OF SERVICE by D.G. SWEIGERT re 21 MOTION, 22 Response in Opposition to Motion, 23 Exhibit (JSR) (Entered: 11/27/2023) |
| 11/28/2023 | 25 | BRIEF/MEMORANDUM in Support re 22 Response in Opposition to Motion, filed by Plaintiff D.G. SWEIGERT. (AAS) (Entered: 11/28/2023) |
| 11/28/2023 | 26 | Submission of Certificate of Service Regarding Brief in Support of Response Dkt. 22 , filed by Plaintiff D.G. SWEIGERT. (AAS) (Entered: 11/28/2023) |
| 11/28/2023 | 27 | Submission of Proof of Service, filed by Plaintiff D.G. SWEIGERT. (LF) (Entered: 11/29/2023) |
| 11/30/2023 | 28 | Second MOTION for Judicial Notice, filed by Plaintiff D.G. SWEIGERT. (JRB) (Entered: 11/30/2023) |
| 11/30/2023 | 29 | CERTIFICATE OF SERVICE to 28 Second Motion for Judicial Notice by D.G. SWEIGERT (JRB) (Entered: 11/30/2023) |
| 12/04/2023 | 30 | MOTION Request for Judicial Notice, filed by Defendant Jason Goodman. (Attachments: # 1 Exhibits)(DWH) Modified to correct filing party on 12/7/2023 (JRT). (Entered: 12/06/2023) |
| 12/06/2023 | 32 | RESPONSE in Opposition re 30 MOTION Request for Judicial Notice, filed by Plaintiff D.G. SWEIGERT. (LBT) (Entered: 12/07/2023) |
| 12/06/2023 | 33 | CERTIFICATE OF SERVICE by D.G. SWEIGERT re 32 Response in Opposition to Motion. (LBT) (Entered: 12/07/2023) |
| 12/07/2023 | 31 | MOTION for Attorney(s) Tyler M. Layton to Appear pro hac vice (Filing fee $100, receipt number BINSDC-7934257), filed by Defendant PATREON, INC.. (Layton, Tyler) Modified on 12/7/2023 - corrected spelling of name (RSF). (Entered: 12/07/2023) |
| 12/07/2023 | 34 | ADDITIONAL RESPONSE in Opposition re 30 MOTION Request for Judicial Notice, filed by Plaintiff D.G. SWEIGERT. (SWM) (Entered: 12/08/2023) |
| 12/07/2023 | 35 | CERTIFICATE OF SERVICE by D.G. SWEIGERT re 34 Response in Opposition to Motion Request for Judicial Notice, filed by D. G. Sweigert. (SWM) (Entered: 12/08/2023) |
| 12/08/2023 | 36 | ORDER granting 31 Motion to Appear pro hac vice. Attorney Tyler M. Layton for PATREON, INC. added. Signed by Magistrate Judge Mario Garcia on 12/8/2023. (KAA) (Entered: 12/08/2023) |
| 12/13/2023 | 38 | NOTICE regarding extension of time to file answer, filed by Plaintiff D.G. SWEIGERT (LF) (Additional attachment(s) added on 12/18/2023: # 1 Certificate of Service) (LF). (Entered: 12/18/2023) |
| 12/14/2023 | 37 | STIPULATION *to Extend Responsive Pleading Deadline*, re 13 Amended Complaint, filed by Defendant PATREON, INC.. (Layton, Tyler) (Entered: 12/14/2023) |

| | | |
|---|---|---|
| 12/19/2023 | 39 | STIPULATION *To Extend Defendant's Responsive Pleading Deadline to February 2, 2024*, filed by Defendant PATREON, INC.. (Layton, Tyler) (Entered: 12/19/2023) |
| 12/29/2023 | 41 | ORDER SETTING PRO SE INITIAL PRE-TRIAL CONFERENCE - The above case is hereby assigned for a TELEPHONIC INITIAL PRETRIAL CONFERENCE on Monday, March 25, 2024 at 2:30 p.m. (Eastern), before the Honorable Mario Garcia, United States Magistrate Judge. The parties shall attend the conference by using the following call-in information: 866-434-5269, Access Code 1040400, Security Code 231228. SEE ORDER. Copy to Parties via US Mail. Signed by Magistrate Judge Mario Garcia on 12/29/2023.(AAS) (Entered: 01/02/2024) |
| 01/02/2024 | 40 | ORDER - Upon consideration of the parties' Stipulations to Extend Defendant Patreon Inc.'s Responsive Pleading Deadlines (Dkts. 37 and 39 ) the Court hereby ORDERS as follows: Defendant Patreon, Inc.'s responsive pleading to Plaintiff D.G. Sweigert's Amended Complaint for Damages, filed November 11, 2023 Dkt. No. 13 , shall be filed on or before February 2, 2024. Copy to Parties via US Mail. Signed by Magistrate Judge Mario Garcia on 01/02/2024.(AAS) (Entered: 01/02/2024) |
| 01/07/2024 | 42 | Third MOTION for Judicial Notice, filed by Plaintiff D.G. SWEIGERT. (KAA) (Entered: 01/08/2024) |
| 01/07/2024 | 43 | CERTIFICATE OF SERVICE by D.G. SWEIGERT re 42 Third MOTION for Judicial Notice. (KAA) (Entered: 01/08/2024) |
| 01/15/2024 | 44 | CERTIFICATE OF SERVICE of Amended Complaint and Summons by D.G. SWEIGERT (LBT) (Entered: 01/16/2024) |
| 01/19/2024 | 45 | Order on Various Motions - The existing motions, (ECF Nos. 18 , 21 , 28 , 30 , and 42 ), are denied, except insofar as the Court takes judicial notice of the Parties' litigation history in other courts. The operative Amended Complaint, (ECF No. 13 ), is dismissed without prejudice for failure to comply with Rule 8. Fed. R. Civ. P. 8(a). That makes the Magistrate Judge's Order extending Patreon's Answer deadline, (ECF No. 40 ), moot, because there is now no Complaint to be answered. The Court will give the Parties a chance to begin again. Sweigert is given until 4:00 p.m. Friday, February 02, 2024, to file a motion titled "Motion for Leave to File Second Amended Complaint." That Motion should contain only: (See Order.) Signed by Judge James R. Sweeney II on 1/19/2024. Copies distributed pursuant to distribution list. (JSR) (Entered: 01/19/2024) |
| 01/20/2024 | 46 | NOTICE OF APPEAL as to 45 Order on Motion; Order on Motion to Stay, filed by Plaintiff D.G. SWEIGERT. (No fee paid with this filing) (JSR) (Entered: 01/22/2024) |

**Case #: 1:23-cv-01228-JRS-MG**