| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF INDIANA<br>-------------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>           Plaintiff,<br>-against-<br><br>JASON GOODMAN et al<br>           Defendant.<br>-------------------------------------------------------------------X | 1:23-cv-01228-JRS-MG<br><br>**REQUEST FOR<br>JUDICIAL NOTICE**<br><br>**FILED**<br>**01/26/2024**<br>U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF INDIANA<br>Roger A.G. Sharpe, Clerk |

      Defendant, Jason Goodman ("Goodman"), by and for himself pro se, respectfully requests the Court take judicial notice of a new filing in the Southern District of Indiana, attached hereto as **(EXHIBIT A)**. In support of this request, Defendant states as follows:

### INTRODUCTION

      1.      As the Court is aware, David George Sweigert ("Sweigert") has announced plans to sue Goodman for the rest of his life and has been doing that in an ongoing manner since 2017.

      2.      Goodman's primary goal is to stop Sweigert from perpetually suing him without good cause. Sweigert must be stopped from wasting the judicial resources of the various District Courts around the country he is presently abusing and has stated intentions to abuse indefinitely.

      3.      Goodman has no interest in Sweigert and no need or desire to interact with him beyond stopping him from breaking the law and ginning up more vexatious legal action.

      4.      Service of justice in this matter would ideally include a referral to the Indiana State Attorney General, local District Attorney, or any other appropriate authorities as determined by the Court, for investigation and prosecution if Goodman's allegations are found to be true.

### BACKGROUND

      5.      On November 20, 2023, pro se non-attorney Goodman filed a defective motion to consolidate this instant action with another vexatious action filed by Sweigert in the Southern

District of New York ("SDNY") on **July 4, 2023** [emphasis added], (*See Sweigert v Goodman* 1:23-cv-05875-JGK-VF Dkt. 77 (SDNY)).

6. Goodman misunderstood the consolidation process. He intended to preserve this Honorable Court's judicial resources by consolidating this action into the SDNY case because Goodman had filed a motion seeking sanctions pursuant to FRCP Rule 11 on November 7, 2023, (*See Sweigert v Goodman* 1:23-cv-06881-JGK-VF Dkt. 53) which he expected would be granted.

7. On November 16, 2023, SDNY Judge John G. Koeltl issued an Order on the Motion for Sanctions but offered no opinion on Plaintiff's violations, said nothing at all about Goodman's well-founded claims and did not even address FRCP Rule 11. **(EXHIBIT B)**

8. Rather than dismiss that case sua sponte for obvious and blatant violations of the rules, Judge Koeltl instead allowed Sweigert to do precisely what the July 4, 2023 ruling from Judge Doughty in the Western District of Louisiana intended to enjoin.

9. On or around October 2023, Goodman learned Sweigert has been employed as a contractor to the National Institutes of Health, ("NIH") since September 2022. **(EXHIBIT B)**

10. On September 23, 2023, Sweigert amended his SDNY complaint to include Google, Twitter, (now known as X Corp) and an individual who has claimed to have been in a personal intimate relationship with Sweigert, but Goodman has never met, named Corine Stoughton, ("Stoughton") (*See Sweigert v Goodman* 1:23-cv-05875-JGK Dkt. 13 (SDNY)).

11. Sweigert then engaged in ex parte communications with counsel for Google even though no attorney has ever filed a notice of appearance on behalf of Google in that case.

12. Sweigert offered to remove Google from the frivolous action if they agreed to terminate various accounts controlled by Goodman including YouTube channels that Sweigert

was aware Goodman relied upon to legally exercise the first amendment, to promote his business, and to earn a living. (*See Sweigert v Goodman* 1:23-cv-06881-JGK-VF Dkt. 62)

13. In direct contravention of the order from the Louisiana Court, and while employed by the NIH, Sweigert coerced Google to censor Goodman, and Google complied.

14. On January 7, 2024, Sweigert filed a request for judicial notice in this case (Dkt. 42) related to Goodman's motion to intervene in unrelated litigation, (*See Robert F. Kennedy et al., v Joseph R. Biden et al.,* 3:23-cv-00381-TAD-KDM Dkt. 31).

15. Goodman sought intervention in the Kennedy case because he alleges Sweigert brought action in the SDNY on July 4, 2023, (*See Sweigert v Goodman et al.,* 1:23-cv-05875-JGK-VF) for the deliberately calculated ulterior purpose of circumventing the injunction issued by District Court Judge Terry Doughty earlier on July 4, 2023 enjoining government agencies including the NIH from coercing social media companies' censorship of U.S. citizens. (*See State of Missouri, et al., v Joseph R. Biden Jr.*, et al. 3:22-cv-01213-TAD-KDM Document 293).

16. This Court issued an order on January 19, 2024, (Dkt. 45) inter alia, instructing Sweigert to file a Motion for Leave to File a Second Amended Complaint by February 2, 2024.

17. Rather than comply with that order, Sweigert immediately appealed in a manner that appears calculated to waste time as demonstrated by the Appellate Court's prompt response.

18. Only days prior to this Court's order. On January 15, 2024, Sweigert had filed a new complaint in the Southern District of Indiana, (*See Sweigert v Benassi* 1:24-cv-00095-RLY-KMB Dkt 1). Sweigert v Benassi is a rambling, rehashed mash up of many of Sweigert's tired, previously manufactured hoax disputes with Goodman including an incident that occurred during 2017 in the Port of Charleston created by Sweigert's brother that resulted in his arrest and FBI interrogation, (https://www.nytimes.com/2017/06/15/us/port-dirty-bomb-south-carolina.html).

19. Sweigert has sought to involve Goodman in a litany of hoaxes and ginned up false circumstances that he is now attempting to reintroduce here in the Southern District of Indiana.

20. Sweigert attempts to mask this activity in litigation to circumvent cyberstalking and harassment laws and to publish known false claims that would otherwise be defamatory.

21. Sweigert and his associates including his brother, Stoughton, and others, endeavor to involve Goodman in an ongoing series of social media hoaxes for the specific purpose of manufacturing false causes of action that lead to sham litigation required for Sweigert's ongoing efforts to perpetually sue Goodman for the rest of his life.

## CONCLUSION

For the reasons stated herein, to prevent the ongoing manifest injustice and abuse of the Courts for wrongful, illegal, vindictive, vengeful, or personal ulterior purposes, Goodman respectfully requests this Court take judicial notice of these relevant filings and Plaintiff Sweigert's ongoing, excessive, allegedly illegal, and totally unacceptable abuse of the Courts and Goodman. The Court should permanently enjoin Sweigert from interacting with Goodman in any way including filing any further vexatious pleadings of any kind in any court against Goodman without first seeking leave, as well as any other remedy as determined by the Court.

Dated: New York, New York January 26, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998