IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA          1:23-cv-01228-JRS-MG
-----------------------------------------------------------------------X

                D. G. SWEIGERT

                              Plaintiff,
-against-

                JASON GOODMAN et al          **MOTION FOR CONTEMPT**
                            Defendant.
-----------------------------------------------------------------------X

FILED
02/06/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully moves the Court for an order finding Plaintiff David George Sweigert, ("Sweigert") in contempt of Court for the reasons set forth below;

## INTRODUCTION

1. Sweigert is an obsessed cyber stalker who has declared his intentions to sue Goodman for the rest of his life and publicly exhibits characteristics of severe mental illness.

2. Even if Sweigert does not recall his public declaration, his observable behavior proves that his intention is to sue Goodman in an ongoing manner in any U.S. District Court that will allow him, as he has attempted here in the Southern District of Indiana.

3. Psychopathy is defined by Wikipedia as *"a mental health condition characterized by persistent antisocial behavior, [and] impaired empathy."*

4. Sweigert has no regard for the waste of judicial resources or the impact of his behavior on citizens who otherwise have good reason to access the courts. Due to Sweigert's abuse, anyone who requires the assistance of the court to exonerate them as they await trial or bring justice to victims of crime, is denied access because Sweigert is jamming up the system for his own ulterior purposes with no empathy for the impact on others.

5.	Sweigert's clear obsession with Goodman is maniacal in nature. There is no indication that Sweigert will stop his destructive, psychopathic behavior unless he is compelled to do so by Court order or some other equivalent authority.

## BACKGROUND

6.	On July 12, 2023, Sweigert filed this instant action in the Southern District of Indiana, despite the fact that neither he, nor the defendant reside in Indiana and none of the alleged actions described in the complaint took place in or pertain specifically to Indiana.

7.	On August 5, 2023, Sweigert filed a change of address request with the Court in which he willfully and knowingly made a false statement of fact, claiming to be a legal resident of 1522 Vance Avenue Fort Wayne, Indiana 46805.

8.	On November 10, 2023, Sweigert filed a request for judicial notice including correspondence he shared with Nintendo of America, INC., ("Nintendo") in which he attempted to entice the corporation to sue Goodman for what Sweigert alleged was a violation of Nintendo's exclusive copyright, Super Mario Bros.

9.	On November 11, 2023, Sweigert filed an amended complaint which added Patreon, Inc., ("Patreon") as a defendant, despite the fact that Patreon has nothing to do with anything Sweigert has complained about in the Southern District of Indiana, (Dkt. 13).

10.	On January 19, 2024, this honorable Court ordered Sweigert to file a motion titled "Motion for Leave to File Second Amended Complaint" consisting of ten pages and other parameters determined by the Court, by 4:00 p.m. Friday, February 02, 2024, (Dkt. 45).

11.	On January 20, 2024, Sweigert filed a defective notice of appeal of a non-final, non-appealable order with the Seventh Circuit Appellate Court, (Dkt. 46).

12. On January 22, 2023, Sweigert filed a duplicative notice of appeal attaching the Court's original order, but failing to cure other defects, (Dkt. 47).

13. On February 2, 2024, rather than following this honorable Court's order to file an amended complaint, Sweigert voluntarily withdrew his appeal pursuant to FRAP Rule 42(b) and failed to file a motion seeking leave to file a second amended complaint.

## ARGUMENT

### A. Sweigert Should Be Sanctioned for Failing to Follow the Court's Order

14. Sweigert should be sanctioned for deliberately failing to follow the Court's order and failing to file the motion seeking leave to file a second amended complaint, (Dkt. 45).

15. This should be construed as a failure to prosecute, and this matter should be dismissed with prejudice for that reason alone. Sweigert should be permanently enjoined from bringing any legal action or filing any legal papers whatsoever in any court of any kind in the United States, regarding any matter pertaining to Goodman in any way.

### B. Sweigert Should be Enjoined from Interacting with Goodman

16. For the avoidance of doubt, Sweigert should be restrained from interacting with Goodman in any way the law allows, including via third parties, indirect contact, or by service of legal process even if through an authorized process server.

17. Sweigert is a menace to the public. He is a danger to Goodman and a unique, perhaps unprecedented drain on judicial resources around the nation.

18. Sweigert's inexplicable, obsessive compulsion to repeatedly sue Goodman is at once a demonstration of acute mental illness and a threat to the civilized adjudication of disputes.

19. Sweigert has demonstrated a pattern and practice of persistently attempting to entice large companies to join his legal antics and increase the burden on Goodman, ostensibly to make it even more challenging for Goodman to defend against Sweigert's Lawfare assault.

20. Sweigert attempted to convince Nintendo to file a lawsuit against Goodman because Sweigert alleges parody cartoon depictions of him as a "Stupid Mario Brother" in some way infringes on the video game giant's exclusive copyright "Super Mario Bros."

21. Sweigert is in a regular practice of pursuing major corporations and providing them with false information and manufactured false evidence intended to persuade them to bring frivolous legal action against Goodman, aligning their goals with Sweigert's own.

22. Sweigert succeeded in achieving this when he approached the CEO of the National Academy of Television Arts and Sciences, ("NATAS") in 2020, and convinced Adam Sharp ("Sharp") to sue a fictional corporate entity designed to substantially resemble a corporation owned by Goodman.

23. Sweigert provided NATAS CEO Sharp with a prearranged legal strategy designed to entrap Goodman in complicated and expensive litigation based on a claim remarkably similar to the one Sweigert has attempted to entice Nintendo with. There is no indication that Sweigert will discontinue this pattern unless he is compelled to do so by the Court. (*See The National Academy of Television Arts and Sciences, Inc. -V- Multimedia System Design, Inc. D/B/A "Crowdsource the Truth"* 1:20-cv-07269-VEC-OTW).

C. **Sweigert should be enjoined from reporting Goodman to social media or any other websites**

24. Goodman is an investigative journalist and former Hollywood visual effects artist who has become as well known for his keen ability to root our fraud as he is for his innovative

MOTION FOR CONTEMPT                                                                                              4

photorealistic political "cartoons".  These images, despite their high degree of realism, are comedic parodies.  Such commentary on public figures and entities is protected by the First Amendment and 17 U.S. Code § 107.

25.     In the NATAS case, Sweigert succeed in dramatically increasing the financial and legal burden on Goodman and ultimately was able to destroy Goodman's access to the Jason Goodman YouTube channel, his largest audience and most valuable business asset.

26.     This pattern and practice of enticing large companies to attack Goodman is only one method employed by Sweigert.  At the time he brought this instant action, Sweigert already had two other lawsuits against Goodman that he could have easily amended to add any legitimate claims to rather than wasting the resources of this honorable Court with frivolous nonsense.

27.     Sweigert has abused this court in his misguided effort to bring as much legal action against Goodman as he could.  Sweigert seeks to overwhelm Goodman, and to win based on deception, tricks and forced procedural errors because his defective claims and fraudulent legal actions cannot succeed on their own merits.

28.     On November 21, 2023, in what could only be deliberate deception, Sweigert filed a document with the false date of November 18, 2023.  This could be accomplished by setting his computer's internal date to November 18, 2023, and then email filing with the Court's pro se temporary-efiling@insd.uscourts.gov system.  The Court's computer would record the correct date, but only in the server logs.  The email received by the clerks would falsely indicate it was written on November 18, or whatever false date the infringing computer was set to.

29.     The document properties can be viewed using Adobe Acrobat software and reveal the document was created on November 20, 2023.  A review of the Court's email server logs will

MOTION FOR CONTEMPT                                                                                     5

reveal that despite the effort to alter the date, the email was received on November 20, 2023, not November 18. This deliberate deception is a violation of Indiana Code § 35-43-5-2.

30. Section 2(a) of the statue states in relevant part, "A person who knowingly or intentionally: (1) makes or utters a written instrument in such a manner that it purports to have been made: (B) at another time; commits counterfeiting, a Level 6 felony."

31. Sweigert's manipulation of the time at which the email was sent would be likely to cause a reasonable observer including a Clerk or Judge of this Honorable Court to consider that the Sweigert email was sent prior to November 20, 2023.

32. Sweigert could have been motivated to engage in this deception after Goodman filed a defective motion to consolidate related litigation, (*See Sweigert v Goodman* 1:23-cv-05875-JGK-VF Dkt. 77). This error by Goodman, alerted Sweigert that Goodman was aware of the rogue filing in the Southern District of Indiana.

33. Sweigert's logical motivation to deceive this honorable Court would be to make it appear that Goodman reacted to Sweigert's request for summonses, rather than Sweigert reacting to Goodman's revelation of sham litigation in the Indiana court, (Dkt. 14 and 15). **(EXHIBIT A)**

### D. The Court should refer Sweigert to the Indiana Attorney General for investigation into alleged criminal acts

34. Goodman continues to allege Sweigert has intentionally committed fraud upon the Court by deliberately and falsely claiming to be a resident of Indiana so that he could access the courts and by illegally altering documents in an effort to affect the outcome of the case.

35. Goodman alleges Sweigert defrauded this honorable Court and the citizens of Indiana in furtherance of his own, wrongful, selfish, maniacal purpose, to harm Goodman, destroy his access to social media and to extort money from him through malicious litigation.

36.	For the good of the public, the preservation of the integrity of this Honorable Court and in the interests of protecting all citizens' rights including Goodman, Sweigert should be declared a vexatious litigant and sanctioned to fullest extent of the Court's authority. He should further be referred to the Indiana Attorney General for investigation into allegations of criminal wrongdoing in addition to any other remedy as determined by the Court.

## CONCLUSION

37.	For the reasons stated herein, the Court should find the plaintiff in contempt and dismiss this case and all associated claims with prejudice. In addition, the Court should issue an appropriate restraining order preventing Sweigert from interacting with Goodman in any and all ways allowable by law. The Court should additionally refer Sweigert to the Indiana Attorney General for a criminal investigation and grant unto the defendant any further relief, including monetary award or any other appropriate relief as determined by the Court.

Dated: New York, New York February 6, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**EXHIBIT A**

**EXHIBIT A**