UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| D. G. Sweigert,<br>Plaintiff<br><br>-against-<br><br>Jason Goodman,<br><br>21st Century 3D<br><br>CrowdSource The Truth<br><br>PATREON, INC.<br>*A Delaware Corporation*<br><br>Defendants | PRO SE<br><br>1:23-cv-01228-JRS-MG<br><br>Judge James R. Sweeney II<br><br>Magistrate Judge Mario Garcia<br><br>**FILED**<br>**02/07/2024**<br>U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF INDIANA<br>Roger A.G. Sharpe, Clerk |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF
ORDER ON VARIOUS MOTIONS, ECF NO. 45**

In light of the return of this action from the U.S. Court of Appeals for the Seventh Circuit, the *pro se* Plaintiffs requests the leave of this Court to make a brief motion that may clear up considerable confusion and frustration regarding ECF no. 45.

Sworn under penalties of perjury.  Signed February 7, 2024  (02/07/2024)

*D. Sgt*

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

## PLAINTIFF'S MOTION FOR CLARIFICATION
## ORDER ON VARIOUS MOTIONS, ECF 45

The *pro se* Plaintiff's seeks clarification regarding the following ORDER: Order on Various Motions, Case 1:23-cv-01228-JRS-MG Document 45 Filed 01/19/24.

## BACKGROUND

In that ORDER, ECF no. 45, the presiding judge makes a clear error in referencing a federal action that involves Defendant Jason Goodman and *pro se* Plaintiff's brother George Webb Sweigert. Additionally, it is believed that after reviewing pertinent judicial decisions, that the presiding judge may have placed too much emphasis on page counting in determining issues pertinent to F.R.C.P. Rule 8(a); see ECF no. 45.

## JUSTIFICATION FOR THIS MOTION

Indirect authority for this request for clarification is provided by F.R.C.P. Rule 60(a) as appellate courts have held that Rule 60(a) provides indirect authority for a motion to clarify. At least two circuits have held that Rule 60(a), which allows for correction "from oversight or omission," may be used "to correct a failure to memorialize part of its decision," which is basically the question at issue here. *Garamendi v. Henin,* 683 F.3d 1069, 1079 (9th Cir. 2012) (citation omitted); see also *Sartin v. McNair L. Firm PA,* 756 F.3d 259, 266 (4th Cir. 2014). Under this authority, Rule 60 may be used "for clarification and explanation... even in the absence of ambiguity, if necessary for enforcement." *Garamendi,* 683 F.3d at 1080. Rule 60(a) may be used "for the purpose of reflecting accurately a decision that the court actually made." *Weeks v. Jones,* 100 F.3d 124, 129 (11th Cir. 1996) (per curiam) (quoting

*Truskoski v. ESPN, Inc*., 60 F.3d 74, 77 (2d Cir. 1995)). "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." Id. (quoting *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992)). Rather, the clarification must "more clearly reflect [the court's] contemporaneous intent." *Burton,* 975 F.2d at 694."

## MICHIGAN LAWSUIT

In this matter, ECF no. 45 quotes the following action from Detroit, Michigan and presumes the *pro se* Plaintiff is the party referenced in the caption of that action, *Sweigert v. Cable News Network*, Inc., No. 20- CV-12933, 2022 WL 842322, at *1 (E.D. Mich. Mar. 21, 2022) (Sweigert alleges defamatory conspiracy by CNN in which Goodman attempts to intervene)". Intro., 45. [herein **Sweigert Michigan** action].

*Sweigert v. Cable News Network* was an action brought by *pro se* Plaintiff's brother "George Webb" Sweigert a Twitter/X-Corp. personality and side-kick of Defendant Jason Goodman, also an account holder on Twitter/X-Corp. The *Sweigert v. Cable News Network* PACER ECF docket indicates the following parties (20-cv-12933-GAD-KGA):

> Plaintiff
> George Webb Sweigert
>
> Defendant
> Cable News Network, Inc.
>
> Interested Party
> D.G. Sweigert
> *pro se non-attorney intervenor-applicant*
>
> Amicus
> Jason Goodman

*Pro se* Plaintiff Sweigert made only one request of that Michigan court, a third-party request to intervene coupled with a motion for the legal action to be moved to the Southern District of New York (S.D.N.Y.) as Jason Goodman had broadcast a recording of George Webb Sweigert in a video call telephoning C.N.N. outside of the C.N.N. Tower in New York City to advise of C.N.N. of a forthcoming lawsuit.

Described above was the practical limit of the undersigned's involvement in *Sweigert Michigan*. However, Defendant Goodman filed a self-proclaimed manifesto-style document "amicus brief" (ECF no. 45) alleging the Sweigert brothers had hatched a plot with members of the Clerk of Court staff to "doctor" court records, and that the group had "committed fraud on the court" and "wire fraud". – the very same allegations Defendant Goodman made upon this very Court (see Mr. Goodman's barrage of pleadings filed the day before Thanksgiving).

In Both courts, here and in Detroit, Michigan, Defendant Jason Goodman has alleged a criminal conspiracy between the *pro se* Plaintiff and the Clerk of the Court staff. All are guilty of a conspiracy and should be jailed according to Defendant Goodman and his court pleadings.

Fraud charges involving a criminal conspiracy were brought against the Court staff, which now will forever linger on the Internet. Even at this writing Defendant Goodman is broadcasting on social media that the Clerk of the Court Mr. Roger A. G. Sharpe is related to Adam Sharp, President of the EMMY Awards (National Academy of Television Arts and Sciences), related to the litigation described below.

> MEDIA MENTION
>
> Television Academy Wins Injunction Against Conspiracy Theorist
>
> February 23, 2022
>
> *Bloomberg Law*
>
> Finnegan client The National Academy of Television Arts and Sciences won an injunction against Crowdsource the Truth in a copyright and trademark dispute over Crowdsource's use of an image of the Academy's Emmy award statuette for their "Crony Awards" video. The Academy sued Crowdsource for copyright and trademark infringement and won by default judgment when Crowdsource failed to obtain new representation in court.
>
> Feb. 23, 2022, 12:12 PM PST
>
> **Television Academy Wins Injunction Against Conspiracy Theorist**
>
> 
> Isaiah Poritz
> Legal Reporter
>
> - Crowdsource the Truth loses by default judgment
> - Owner Jason Goodman faces additional sanctions

As with *Sweigert Michigan*, when the Court takes no action to clear up this type of confusion, Defendant Goodman will continue to publicly implicate court staff in plots to "doctor" court records to bolster his fund-raising activities at the PATREON conspiracy theory channel. This is meticulously documented in pending legal actions in the Southern District of New York.

The Court can now understand why the undersigned does not want any confusion in the mind of the Court, or the public (who eventually will read these decisions), that the undersigned is mixed-up in this nutty grifter for hire social media clown show (George Webb Sweigert and Jason Goodman). He is not.

In fact, the presiding judge in *Sweigert Michigan* cancelled a pre-trial hearing hours before the scheduled start time when the judge was apparently advised that Jason Goodman was in the Courthouse and was speaking to agents of the Federal Bureau of Investigation (F.B.I.) about the Clerk of the Court fraudulent records plot and demanded a meeting with the judge. It is all clearly spelled out in the docket (20-cv-12933-GAD-KGA), which demonstrates the *pro se* Plaintiff was a passive interested party.

The ORDER at ECF no. 45 in this Court mischaracterizes the *Sweigert Michigan* action as primarily a beef between the same two parties of this instant case. That is not 100% truthful, George Webb Sweigert was the plaintiff suing Cable News Network in 20-cv-12933-GAD-KGA (*Sweigert Michigan*) in that case. The distinction is important.

It is instructive to note that both George Webb Sweigert and Jason Goodman are active in promoting rumors on social media about a secret underground network of "undercover operatives" (UCOs), working with the F.B.I. in Northeastern Indiana, Northwestern Ohio and Southwestern Michigan to entrap so-called patriots in hoax and scam plots. Both George Webb Sweigert and Jason Goodman have a highly published association and reputation with the highly notorious Oakey Marshall Richards [OMR] militia leader, a former *bona fide* F.B.I. U.C.O.

Both George Webb Sweigert and Jason Goodman push the narrative on social media that the Governor of Michigan (Gretchen Whitmer) kidnapping plot reveals a vast network of government F.B.I. undercover operatives that stage hoax and scam criminal plots to "frame up" supposed unwitting suspects (aka Michigan Militia). That is the essence of their outlandish conspiracy theories broadcast to the public. At that point the rhetoric usually turns to political

6

extremism with rants about the treatment former President Donald Trump is receiving at the hands of the justice system.

## CONCERN OVER PAGE COUNT

As the Court has primarily relied on F.R.C.P. Rule 8(a) to dismiss the Amended Complaint (see ECF no. 45), it appears the Court is using Rule 8(a) to impose an artificial page limit of ten (10) pages on any possible Second Amended Complaint (barring a change of venue or transfer of the Amended Complaint to the S.D.N.Y.).

The Seventh Circuit has a long tradition of not relying on artificial page limitations to describe the true gist of the allegations and supporting evidence.

The Seventh Circuit's ruling in *Kadamovas v. Stevens* 706 F.3d 843 (7th Cir. 2013) is instructive here.  As relied upon by the court in deciding *Hardy v. Ill. Dep't of Corr.*, Case No. 3:15-cv-00437-JPG (S.D. Ill. Jul. 29, 2015) which opinioned, "In evaluating that complaint, the Seventh Circuit generally observed that district judges can "require that complaints be cut down to size," but went on to hold that no trimming was necessary in that case because twenty-eight pages was not egregiously long to plead ten claims. Rule 8. See, e.g., Harrison v. Bd. of Regents of Univ. Sys. of Georgia, 519 F. App'x 641, 643 (11th Cir. 2013)."

## RELIEF

As shown in ECF no. 45 the Court failed to discuss its desire to accept any pendant jurisdiction over the State of Indiana claims contained in the Amended Complaint, and in the interest of justice and judicial economy, it may be the best thing for all parties for the Court to consider an amendment to vacate the prior Order (ECF no. 45) and to re-activate the Amended Complaint for transfer or change of venue to the S.D.N.Y.  Mr. Goodman has already expressed his intent to do this himself with his last "Request for Judicial Notice".  Mr. Goodman has

attempted this technical movement of a change of venue or transfer in the S.D.N.Y. court, as he notes in his last "Request for Judicial Notice". Para. 5.  Case 1:23-cv-01228-JRS-MG Document 51 Filed 01/26/24.

Or, in the alternative, kindly allow the *pro se* Plaintiff twenty (20) pages rather the present ten (10) page limit that might be imposed by the Court regarding page count limitations, and thirty (30) days to respond with a Second Amended Complaint.

And, kindly consider options to correct the record with regards to the *Sweigert Michigan* legal action and any association with the pro se Plaintiff.

Respectfully,

February 7, 2024 (02-07-2024)

*D. Sgt*

**D. G. SWEIGERT PRO SE PLAINTIFF, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**