IN THE UNITED STATES DISTRICT COURT  
FOR THE SOUTHERN DISTRICT OF INDIANA  
-----------------------------------------------------------------------X  
JASON GOODMAN  

            Counterclaim-Plaintiff,  
-against-  

DAVID GEORGE SWEIGERT  
            Counterclaim-Defendant.  
-----------------------------------------------------------------------X  

1:23-cv-01228-JRS-MG  

**[PROPOSED] COUNTERCLAIM COMPLAINT**

FILED  
02/09/2024  
U.S. DISTRICT COURT  
SOUTHERN DISTRICT OF INDIANA  
Roger A.G. Sharpe, Clerk

COUNTERCLAIM-PLAINTIFF Jason Goodman, ("Goodman") by and for himself pro se respectfully submits this Counterclaim Complaint for defamation and abuse of process pursuant to FRCP Rule 13(b) and for the reasons set forth herein;

## INTRODUCTION

1. Counterclaim-Defendant David George Sweigert, ("Sweigert") is an obsessed cyber stalker and serial harasser who has pursued Goodman continuously since 2017. He is an apparent disgruntled viewer of Goodman's free to the public YouTube talk show who has never met Goodman and has no legitimate purpose for interacting with Goodman.

2. Sweigert has worked to systematically destroy Goodman's income by disrupting his business relationships, harassing guests who appear on Goodman's broadcasts and making false complaints to law enforcement, various government agencies, and social media companies in addition to burdening Goodman with continuous, ongoing, frivolous and abusive lawsuits.

3. NYPD and the FBI have refused to take action. The U.S. District Court for the Southern District of New York has allowed Sweigert to run roughshod over its docket for more than six years. Most recently, Sweigert has chosen to abuse the judicial resources of the Southern District of Indiana and to defy the orders of this honorable Court.

4. Sweigert deceived this Court and knowingly filed false and materially misleading briefs, sworn under penalty of perjury, for a wrongful, ulterior purpose. There is no reason to believe that Sweigert will stop his abuse of Goodman and the Courts unless ordered to do so.

## BACKGROUND

5. On January 19, 2024, the Court ordered Sweigert to file a concise amended complaint on or before 4:00 p.m. Friday, February 02, 2024, (Dkt. 45).

6. On January 20, 2024, Sweigert filed a defective notice of appeal, (Dkt. 46).

7. On January 23, 2024, the Seventh Circuit Appellate Court ordered Sweigert to file a brief memorandum stating why his appeal should not be dismissed for lack of jurisdiction and reminded him, "the district court's order of January 19, 2024 – gave plaintiff until February 2, 2024 to file a second amended complaint."

8. On February 5, 2024, having brazenly ignored the District Court's order to file a second amended complaint, Sweigert filed a motion to voluntarily dismiss his defective appeal pursuant to FRAP 42(b), (*See* Case 24-1091 Dkt. 4).

## SPECIFIC ALLEGATIONS

9. Sweigert engages in abusive litigation tactics, ("Lawfare"). Sweigert has also engaged in a persistent, extrajudicial cyber stalking and harassment campaign concurrently with this instant litigation. In January 2024, Sweigert sent a series of letters to employees of the National Institutes of Health, ("NIH") including defamatory statements he knew to be false or should know to be false, made with actual malice and for the sole purpose of harming Goodman.

10. Sweigert abused regularly issued legal process in the state of Indiana for his own ulterior, bad faith purpose and used legal process in a manner it was not intended and in a way that would not be proper in the normal prosecution of the case in an effort to extort Patreon.

### A. Per Se Libel and Defamation

11. On or about January 26, 2024, Sweigert sent a letter to Gorka Garcia-Malene, ("Malene"). Malene is the Freedom of Information Act, ("FOIA") officer for NIH. In the letter, Sweigert refers to the counterclaim-plaintiff as, "domestic terrorist Jason Goodman who has a history of violence as depicted on numerous YouTube videos." **(EXHIBIT A)**

12. 18 U.S. Code Chapter 113B contains statutes pertaining to terrorism. Goodman has never been arrested, nor indicted or convicted for terrorism or any other crime. No YouTube videos depicting violence are cited and Goodman has no such history of committing violence.

13. Sweigert knew or reasonably should have known his statements were false. He fabricated them knowingly, with actual malice and with express intent to harm Goodman. The statements serve no valid alternate purpose apart from harming Goodman.

14. Sweigert sent another harassing letter to both Goodman and Malene on January 29, 2024. Although the second letter may not have contained actionable statements. The harassing letter contains false statements of fact, specifically declaring Goodman made public statements Sweigert claims to be false based on no evidence of falsity. **(EXHIBIT B)**

15. NIH is not a law enforcement agency and correspondence was not sent in the context of any legitimate legal action or otherwise privileged communication. Unsolicited correspondence with NIH employees cannot be considered privileged communication.

16. Sweigert committed libel per se when he declared Goodman a "domestic terrorist" and published that known false statement to a third party with actual malice.

### B. Abuse of Process

17. Given the duplicative nature of the July 4, 2023 New York and July 12, 2023 Indiana actions, the allegation of abuse of legal process is virtually self-corroborating.

18. Sweigert initially brought this action in the Southern District of Indiana on July 12, 2024, (Dkt. 1) only eight days after he brought a new action against Goodman in the Southern District of New York, (*See Sweigert v Goodman* 1:23-cv-05875-JGK (SDNY) Dkt. 1).

19. In Indiana, the tort of abuse of process consists of two elements: (1) ulterior motive, and (2) use of process that would not be proper in the normal prosecution of the case. *Watters v. Dinn*, 633 N.E.2d 280, 288 (Ind. Ct. App. 1994). "The gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Nat'l City Bank, Ind. v. Shortridge*, 689 N.E.2d 1248, 1252 (Ind. 1997), supplemented sub nom. *Nat'l City Bank, Ind. v. Shortridge*, 691 N.E.2d 1210 (Ind. 1998) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994)).

20. For Indiana plaintiffs to prevail on abuse of process claims, they must present evidence tending to show that the judicial process was used for an end other than that for which it was designed. "[T]he relevant inquiry [is] whether the complained-of acts were procedurally and substantively proper under the circumstances." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 32 (Ind. Ct. App. 1996) (internal quotations omitted). Proof of improper motive alone is insufficient to proceed with an abuse of process claim; a plaintiff must establish that a defendant has employed an "improper 'process' before the court proceeds to an examination of the defendant's motive." Id. at 30.

21. An abuse of process action requires a finding of misuse or misapplication of process for an end other than that which it was designed to accomplish. The purpose for which the process is used is the only thing of importance. The gravamen of abuse of process is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends. *Nat'l City Bank v. Shortridge*, 689 N.E.2d 1248, 1249 (Ind. 1997)

22. Sweigert has abused the judicial process in the Indiana by bringing this duplicative action and then amending his complaint to include Patreon which has nothing to do with the acts in the complaint. Sweigert wrongfully has used this process to damage Goodman's business relationship with Patreon and has succeeded in doing that.

23. There is no reason why the counterclaim-defendant needed to bring these claims in Indiana specifically because he had already begun nearly identical legal action in New York.

24. Even if Sweigert's pro se status could ordinarily excuse a misunderstanding of process and cause a duplicative filing, his extensive litigation experience belies any such claim.

25. Sweigert has spent the last seven years demonstrating a robust ability to formulate complex, albeit vexatious legal strategies.

26. Sweigert has both publicly declared and demonstrated his intention to perpetually sue Goodman for the rest of his life.

27. Sweigert has both publicly declared and demonstrated his intention to get Goodman permanently banned from all social media.

28. Already, in this instant action Sweigert has boldly demonstrated his bad faith by deliberately filing a defective notice of appeal rather than following this honorable Court's order to file an amended complaint that complies with the Court's local rules and FRCP Rule 8.

29. Sweigert abused legally issued process for his ulterior motive of destroying Goodman's business and occupying his life with nationwide, bad faith, vexatious litigation.

30. Even if the Court disagrees and determines the filing of this instant action was not an abuse of legal process, when Sweigert amended his complaint to include Patreon, (Dkt. 13), he abused the legally issued process initiated by the previous complaint. This was improper because no claim in the amended complaint pertains to Patreon.

31.     Sweigert named Patreon as a defendant for the ulterior purpose of affecting Goodman's ability to post information and earn money on the social media website owned and operated by Patreon.  This was an abuse of the previously legally issued process for an ulterior and improper purpose for which the process was not intended.

## REQUEST FOR RELIEF

32.     The only relief Goodman seeks is relief from the ongoing burden that is Mr. Sweigert.  Sweigert has spent the last seven years destroying the valuable social media accounts Goodman relied on to earn money and grow his business.  Sweigert has occupied an exorbitant amount of Goodman's time with his cyber stalking, harassment, and vexatious litigation. Sweigert has abused public resources and taxpayer funded entitles including this honorable Court for the past seven years for his own bad faith, ulterior purposes.

33.     Goodman was not aware of Sweigert and had no interest in him prior to Sweigert commencing an ongoing, seven year long harassment campaign against Goodman, ostensibly after viewing Goodman's YouTube video broadcasts in 2017.

34.     Goodman respectfully prays the court will grant him relief by declaring Sweigert a vexatious litigant and permanently enjoining him from making any kind of legal filing, contacting any government agencies, social media or other company or individual for any reason whatsoever concerning Goodman.

35.     Additionally, Goodman respectfully requests the Court make a formal referral to the Indiana Attorney General, the Fort Wayne District Attorney, the United States Postal Inspector, or any other appropriate law enforcement agency, for a criminal investigation into Sweigert's activities concerning this legal action and 1522 Vance Avenue Fort Wayne, IN.

36. Further, and in consideration of what can only be described as historic, if not record setting vexatious litigation, Sweigert should be enjoined from making any future pro se filings of any kind, against any person or legal entity, in any court without first seeking leave of this honorable Court.

## CONCLUSION

37. For the reasons set forth herein, pro se counterclaim-plaintiff Goodman respectfully requests this honorable Court grant him the aforementioned relief, along with any other suitable relief as determined by the Court.

Dated: New York, New York February 9, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998