UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. SWEIGERT,

    Plaintiff,

    v.

JASON GOODMAN,

    Defendant.
_____/

Case No. 22-cv-10002

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER TRANSFERRING PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, DISMISSING WITHOUT PREJUDICE THE PARTIES' PENDING MOTIONS [#8, #18, #22, #23, #25, #26, #33, #35], AND DISMISSING THIS COURT'S FEBRUARY 11, 2022, ORDER TO SHOW CAUSE**

## I. INTRODUCTION

On January 3, 2022, *pro se* Plaintiff George Webb Sweigert filed this diversity action against *pro se* Defendant Jason Goodman, alleging defamation, libel, and slander. ECF No. 1, PageID.2. The genesis of this lawsuit stems from the Defendant's purported defamatory statements that Plaintiff committed fraud in another matter no longer pending before the Court. *Id.* For the reasons stated below, the Court will transfer this matter to the United States District Court for the Southern District of New York and dismisses without prejudice the parties' pending motions.

1

## II. BACKGROUND

All the alleged misconduct in the present case occurred while Plaintiff lived in Georgia, and Defendant resided in New York City, where the Southern District of New York sits. In July 2021, Defendant submitted a procedurally improper amicus brief in another case before this Court, alleging Plaintiff committed fraud. *See Sweigert v. CNN, Inc.*, No. 20-cv-12933, 2022 U.S. Dist. LEXIS 50529, at *21 (E.D. Mich. Mar. 21, 2022). A month prior, Defendant began contacting Court personnel complaining about how *pro se* documents are filed on the Court's electronic case management system. ECF No. 12, PageID.127. Defendant began contacting Court personnel after work hours, engaging in a pattern of abusive phone calls. *Id.* The Court held a show cause hearing on March 4, 2022, requesting Defendant explain why he should not be sanctioned for his behavior. *Id.* at PageID.126. After considering the parties' arguments at that hearing, the Court will decline to impose sanctions against Defendant at this juncture and dismisses the February 11, 2022, Order to Show Cause.

The Court also ordered Plaintiff to submit his filing fee, which the Court had not received by February 11, 2022. ECF No. 13, PageID.131. Plaintiff submitted his filing fee three days later.

## III. DISCUSSION

Venue is in the judicial district where either all defendants reside, or where the claim arose and personal jurisdiction exists. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). A district court may transfer any civil action to any other district or division where the action may have been brought, for the convenience of parties and witnesses or in the interest of justice. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

3

The Court concludes that both for the convenience of the parties and in the interests of justice, the present matter must be transferred to the Southern District of New York. Here, neither the Plaintiff nor Defendant reside in Michigan. Defendant is a New York resident, and Plaintiff is a Georgia resident. In fact, Defendant and Plaintiff have another case pending in the Southern District of New York already. *See Goodman v. Bouzy, et al.*, No. 21-cv-10878. The interests of justice thus favor transfer to New York where all parties have already conceded personal jurisdiction. 16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, pg. 369 (2021). Whether the court can assert jurisdiction over Defendant at this time is unclear. Transferring this action to New York is therefore proper. *See Groesbeck v. Bumbo Int'l Trust*, 2013 U.S. Dist. LEXIS 86973, at *4 (S.D. Tx. June 20, 2013) ("Given the difficult nature of the personal jurisdiction issue, the Court avoids it in this case and … transfers the matter … where Defendants have conceded personal jurisdiction exists.").

The Court can also transfer this action *sua sponte*. Pursuant to § 1406, *sua sponte* transfer is permissible even when the venue originally selected is proper under 28 U.S.C. § 1391. *See Marshall v. George*, No. 19-cv-923, 2019 U.S. Dist. LEXIS 210382, at *4–*5 (W.D. Mich. Nov. 15, 2019); *see also Flynn v. Greg Anthony Constr. Co. Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003) (discussing how "Congress has enacted a number of statutes that give federal courts the power to

4

transfer cases sua sponte," including 28 U.S.C. § 1406). But venue for Plaintiff's lawsuit is not proper in the Eastern District of Michigan. Notably, because it is unlikely the Court cannot assert personal jurisdiction over the sole Defendant. *See Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001). Nor does a lack of personal jurisdiction over Defendant prohibit the Court from utilizing § 1406's transfer provision. *See Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). The statute instructs district courts to transfer "a case laying venue in the wrong division or district" when "the interest of justice" demands. 28 U.S.C. § 1406(a). Here, the Court concludes that proper venue lies where a court retains personal jurisdiction over Defendant. This matter will therefore be transferred to the Southern District of New York for further proceedings.

### IV. CONCLUSION

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

IT IS FURTHER ORDERED that the parties pending motions [#8, 18, 22, 23, 25, 26, 33, and 35] are DISMISSED without prejudice.

The Court's February 11, 2022, Order to Show Cause is DISMISSED.

5

**IT IS SO ORDERED.**

Dated: April 1, 2022                   /s/ Gershwin A. Drain
                                       GERSHWIN A. DRAIN
                                       UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 1, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager