**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK                    Case 1:23-cv-05875-JGK
-------------------------------------------------------------------X        Case 1:23-cv-06881-JGK

D. G. SWEIGERT

                  Plaintiff,                                        **NOTICE OF MOTION**
     -against-                                                     **TO CHANGE VENUE**

JASON GOODMAN
            Defendant.
-------------------------------------------------------------------X

PLEASE TAKE NOTICE, upon the accompanying Memorandum of Law, and upon all

prior proceedings, pleadings, and filings herein, Defendant JASON GOODMAN ("Goodman")

hereby moves this Court at the Courthouse located at the Daniel Patrick Moynihan United States

Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York before

the Honorable Valerie Figueredo, United States Magistrate Judge, for an order pursuant to 28

U.S. Code § 1404(a) and (c) granting a change of venue to the Southern District of Indiana for

the reasons set forth in the accompanying memorandum.


Dated: New York, New York February 13, 2024

                Respectfully submitted,

                Jason Goodman
                Pro Se Defendant
           truth@crowdsourcethetruth.org
             252 7th Avenue Apt 6s
             New York, NY 10001
             347-380-6998

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case 1:23-cv-05875-JGK
Case 1:23-cv-06881-JGK

-------------------------------------------------------------------X

D. G. SWEIGERT

Plaintiff,

-against-

**MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE**

JASON GOODMAN
Defendant.

-------------------------------------------------------------------X

Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully moves the Court for an order transferring this case to the Southern District of Indiana pursuant to 28 U.S. Code § 1404(a) and (c), for the reasons set forth below;

### INTRODUCTION

1.      This Court is already aware that plaintiff David George Sweigert ("Sweigert") is psychotically obsessed with continuously suing defendant Goodman. Towards this end, and for the past seven years, Sweigert has demonstrated a regular practice of bringing duplicative vexatious legal actions against Goodman, including *Sweigert v Multimedia System Design, Inc. D/B/A Crowdsource the Truth* 1:23-cv-06881-JGK, which was consolidated with this case on October 5, 2023, (23-cv-05875-JGK-VF Dkt. 20 / 23-cv-06881-JGK-VF Dkt 34).

2.      Nearly simultaneous with the action here in the Southern District of New York, Sweigert brought a virtually identical case against Goodman in the Southern District of Indiana, (*See Sweigert v Goodman* 1:23-cv-01228-JRS-MG Dkt. 1).

3.      Section 1404(a) of Title 28 states in relevant part, "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought.".

4. Section 1404(c) allows a district court to order any civil action to be tried at any place within the division in which it is pending. Because this duplicate case is already pending in Indiana, transfer there is warranted pursuant to this section.

5. Furthermore, in this case, we need not wonder if it, "might have been brought," the prolific vexatious plaintiff has already brought parallel litigation in the other district.

6. The Indiana case is closer to disposition than this virtually identical instant action making this case ripe for transfer. In the interest of judicial efficiency, to help ease burden on the New York Court's docket, and for the convenience of all parties and witnesses, Goodman moves the Court to transfer this case to the Southern district of Indiana for resolution alongside the equally vexatious doppelganger case, Sweigert v Goodman 1:23-cv-01228-JRS-MG (SDIND).

## BACKGROUND

7. On July 4, 2023, Sweigert filed this instant action in the Southern District of New York. For unexplained reasons, it was not entered on the docket until July 10, 2023, (Dkt. 1).

8. On July 12, 2023, Sweigert filed a nearly identical complaint in the Southern District of Indiana, (*Sweigert v Goodman* 1:23-cv-01228-JRS-MG Dkt. 1 (SDIND)).

9. On January 17, 2024, the Court granted defendant an extension of time to respond to the amended complaint on or before February 16, 2024, (*See* 23-cv-06881-JGK-VF Dkt. 87).

10. Goodman's response to the amended complaint would be a motion to dismiss making this motion to transfer venue properly before the Court now and further making the Indiana Court the proper venue to address any future motions from Goodman.

## ARGUMENT

1. "Where district courts are presented with both a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), and a motion to transfer venue, under 28 U.S.C. § 1404(a), they commonly

address the venue motion first, and, where transfer is appropriate, leave the motion to dismiss to be decided by the transferee court." *Schweitzer v. Nevels*, No. 22-CV-6435 (KHP), 2023 U.S. Dist. LEXIS 67001, 2023 WL 2970899, at *3 (S.D.N.Y. Apr. 17, 2023)

*Nielsen v. Walmart Inc*., No. 23-CV-5620 (VSB), 2023 U.S. Dist. LEXIS 189872, at *4 (S.D.N.Y. Oct. 23, 2023).

2.     The only explanation for this redundant legal action is to waste time with costly, abusive litigation having no consideration for the waste of judicial resources here in New York's busy Southern District.  Rather than burden the Court with a lengthy motion to dismiss, procedure dictates that this motion to transfer is properly before the Court for consideration first. Any future motions should be considered by the transferee Court.

3.     Even though this New York action commenced two days before the Indiana case when the complaint was entered on the docket July 10, 2023, the time differential is negligible and, in the time since then, perhaps due to its less congested schedule, the Indiana Court has been able to move the case toward resolution more quickly.  The unusual, special circumstances of a nearly identical, duplicative suit in another venue weigh in favor of transferring the case.

4.     It is a "well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (citing cases) (internal quotation marks omitted). This is known as the "first-filed rule." *William Gluckin & Co. v. Int'l Playtex Corp*., 407 F.2d 177, 178 (2d Cir. 1969); (internal quotation marks and citations omitted); see In re *Griffin Indus., Inc. v. Petrojam, Ltd*., 58 F. Supp. 2d 212, 216 (S.D.N.Y. 1999); *Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 196 (S.D.N.Y. 1999).

*Leclerq v. Gay,* No. 05 CV 5609 (CLB), 2005 U.S. Dist. LEXIS 63843, at *3 (S.D.N.Y. Nov. 14, 2005)

5.      Special circumstances in this case and the balance of convenience for all parties tips toward resolving these matters in the Indiana Court.  The plaintiff has already demonstrated equally convenient access to New York and Indiana, and he does not reside in either state.

6.      The unique circumstances of a plaintiff repeatedly suing and withdrawing the suit just prior to trial, along with the balance of convenience, dictate that priority should be given to the Indiana case even though it was technically filed two days after this instant action.

7.      Goodman continues to allege Sweigert is nothing more than a vexatious litigant seeking to harass, and these venues are selected arbitrarily to maximize litigation.  Because the plaintiff does not reside in New York, transferring the case to another venue does not inherently introduce inconvenience for him and does not affect the balance of inconvenience test.

8.      The district courts have "sound discretion...to determine whether substantive factors, including the balance of convenience, weigh against proceeding in the forum of the first filed action." *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459 (S.D.N.Y. 2002) (citing *Reliance Ins. Co. v. Six Star, Inc.,* 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001)); *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747 (S.D.N.Y. 1977). In deciding whether a case should be transferred pursuant to Section 1404(a), courts consider: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a

plaintiff's choice of forum; and (9) trial efficiency and the interests of [*4] justice based on the totality of the circumstances. See Reliance at 56.

*Leclerq v. Gay,* No. 05 CV 5609 (CLB), 2005 U.S. Dist. LEXIS 63843, at *3-4 (S.D.N.Y. Nov. 14, 2005)

9.      Only Goodman would arguably be inconvenienced by a transfer out of New York, but it is Goodman who seeks the transfer.  No undue burden would be conferred upon the plaintiff because he selected Indiana at nearly the same time he began this instant action in New York demonstrating equal access to both districts.  The balance of convenience favors transfer.

10.     In this matter, (1) no witnesses have been identified and none are in New York other than Goodman.  Because all of the claims pertain to statements or posts made on the internet, (2) their physical location is not a factor in determining their relative ease of access as sources of proof.  Because no parties other than Goodman are located in New York, transferring the venue confers no inconvenience upon any other party in the case.  The plaintiff has gone to great lengths to convince the Indiana Court that the locus of operative facts (4) pertains to Indiana leaving that question in dispute for the Court to decide.  There are no unwilling witnesses (5) presently and the relative means of the parties (6) are also not relevant factors in this particular case.  The Indiana Court is adequately familiar with governing law (7) and the plaintiff himself chose this forum (8) and accorded it weight.  Finally, transferring the case would increase trial efficiency (9) and serve the interests of justice because the Indiana case has advanced further since July 2023 and is presently closer to disposition than this nearly identical instant action.  Based on the totality of the circumstances, the balance of convenience and other relevant factors weigh in favor of transferring this case to the Southern District of Indiana for any further motions and ultimately for trial should one be deemed necessary by that honorable Court.

## CONCLUSION

11.     For the reasons stated herein, in the interest of increased judicial efficiency and rapid adjudication of identical vexatious claims, and for any other reasons as determined by the Court, this case should be transferred to the Southern District of Indiana.

Dated: New York, New York February 13, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998