| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>D. G. SWEIGERT<br><br>Plaintiff,<br>-against-<br><br>JASON GOODMAN<br>Defendant.<br>-----------------------------------------------------------------X | Case 1:24- cv-02203-JGK<br><br>**MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR A PERMANENT INJUNCTION** |

Defendant Jason Goodman, acting pro se, respectfully submits this Motion to declare Plaintiff David George Sweigert a vexatious litigant and impose a pre-filing injunction to prevent further abuse of the judicial process. This motion is based on the following grounds:

### I.    Introduction

Plaintiff David George Sweigert has continuously engaged in repetitive, duplicative, and meritless litigation, including the current attempt to reassert claims under New York State Civil Rights Law §§ 50 – 51 that have been previously adjudicated and dismissed with prejudice. Such conduct exemplifies an abuse of judicial resources and warrants an order declaring him a vexatious litigant to protect both Defendant and the integrity of the judicial system.

### II.    Background

Prior Litigation and Judicial Findings:

On June 30, 2021, Judge Valerie Caproni denied Sweigert's motion for a preliminary injunction under N.Y. Civ. Rights Law §§ 50–51, finding that Sweigert failed to demonstrate irreparable harm or a likelihood of success on the merits. Most notably, the court determined that Sweigert's claims fell within the newsworthy exception, making them non-actionable under the statute. Despite this and despite dismissal with prejudice, Sweigert again relitigates claims he knows to be baseless strictly to abuse the Defendant at the expense of this Honorable Court.

The prior opinion emphasized that Sweigert's claims lacked substance, particularly in failing to show that Defendant's use of his name and image qualified as use for "advertising or trade purposes." Judge Caproni clearly stated, "When arguing for the motion before Judge Aaron, Sweigert failed to explain or even reference YouTube's monetization policies in his motion or reply brief. Although his briefs explained the concepts of click-bait and search engine optimization, see Am. Reply, Dkt. 179 at 7, 8, 16, Sweigert failed to explain how "clicks" generate income for Goodman. Sweigert's arguments instead relied on Goodman's alleged solicitation of patrons to pay him via third-party platforms. See Am. Motion, Dkt. 174 ¶¶ 5, 20.

Re-Litigation of Identical Issues:

Despite the comprehensive dismissal of his claims with prejudice, Sweigert has initiated new litigation based on exactly the same legal theory but involving slightly different video images, thumbnails and related materials. This is an improper attempt to re-litigate issues that the court has definitively resolved and dismissed with prejudice.

### III.    Legal Standard for Declaring a Vexatious Litigant

Courts possess inherent authority to manage their dockets and can impose sanctions, including declaring a party a vexatious litigant, to prevent harassment through frivolous and repetitive lawsuits.

Factors considered include:

a) Repetitive litigation of the same issues.

b) The burden placed on the courts and the opposing party.

c) History of filings deemed meritless or harassing.

### IV.    Argument

Repetitive and Frivolous Filings:

Plaintiff's current filing seeks to assert claims under N.Y. Civ. Rights Law §§ 50–51 similar to those in case Case 1:23-cv-05875-JGK-VF on grounds no different whatsoever than those dismissed by Judge Caproni (*See Sweigert v Goodman* Case 1:18-cv-08653-VEC-SDA Document 292). This indicates an attempt to repackage previously rejected claims, violating the principle of res judicata and demonstrating a pattern of frivolous filings.  Sweigert knows this and acts deliberately and with malicious intent.

Abuse of Judicial Process:

Sweigert's continuous re-litigation of dismissed claims reflects a clear pattern of abusing the judicial process. This behavior unduly burdens the Defendant and wastes court resources. Judge Caproni's prior admonishments and rulings highlight the excessive and piecemeal nature of Sweigert's filings, further evidencing his intent to harass and vex.

Public Interest and Judicial Efficiency:

Allowing Plaintiff to persist in this manner decreases judicial efficiency, contradicts the public interest in maintaining an effective legal system and undermines this Court's inherent authority.  Courts must be safeguarded from litigants who misuse legal processes to perpetuate disputes without legitimate grounds.

### V.     Request for Relief

For the reasons set forth, Defendant Jason Goodman respectfully requests that the Court: Declare Plaintiff David George Sweigert a vexatious litigant and impose the strictest available pre-filing injunction, requiring Plaintiff to obtain leave from the Court before filing any further related claims against Defendant and to grant any such other and further relief as the Court deems appropriate.  Additionally, Goodman requests the Court grant a permanent restraining order denying Sweigert's ability to communicate with or about the Defendant, his family

members or known associates to any other third party for any reason whatsoever without first seeking leave of the court.

## CONCLUSION

Sweigert's near decade of harassment is such an outrageous abuse of the civil justice system he should be criminally charged, however this Court's authority to prevent him from interacting with Goodman in any way whatsoever will be sufficient so long as it is enforced. Goodman further requests any other relief deemed appropriate by the Court.

Dated: November 8, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998