IN THE UNITED STATES DISTRICT COURT  Case 1:24- cv-02203-JGK
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                      D. G. SWEIGERT  **MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

                          Plaintiff,

-against-

                      JASON GOODMAN
                         Defendant.
-----------------------------------------------------------------------X

Defendant Jason Goodman respectfully moves this Court to dismiss the above-captioned action for failure to prosecute under FRCP Rule 41(b). Since this case was transferred to the Southern District of New York, Plaintiff has failed to advance the case in any meaningful way, showing a lack of intent to prosecute this matter diligently or to comply with procedural requirements. Wherefore, Defendant requests the Court dismiss this action with prejudice.

## BACKGROUND

This case was originally filed in the Southern District of Indiana under case number 1:23-cv-01228 and subsequently transferred to the Southern District of New York, where it was assigned case number 1:24-cv-02203. Upon transfer, Judge Koeltl noted that the case lacked an operative complaint and exhibited procedural deficiencies. Judge Koeltl further observed that the Indiana court would have dismissed the case as frivolous but transferred it here in the interest of justice, indicating concerns about the plaintiff's litigation conduct. Since the transfer, Plaintiff has taken no action to pursue this case or to clarify or amend claims in accordance with standard procedural requirements demonstrating unwillingness to prosecute this action in a timely manner.

## ARGUMENT

**I.    DISMISSAL IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b) DUE TO PLAINTIFF'S FAILURE TO PROSECUTE**

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Courts have discretion to dismiss cases where plaintiffs neglect their obligations to diligently pursue claims, and such dismissals are appropriate when a plaintiff's delay is unreasonable or has hindered the fair and expeditious resolution of the case.

Plaintiff's failure to file an operative complaint, participate in any pretrial proceedings, or respond to procedural expectations indicates an abandonment of this case. Plaintiff's inaction has burdened Defendant and delayed fair resolution of this litigation. Accordingly, dismissal with prejudice is warranted under Rule 41(b) to prevent further waste of judicial resources and undue prejudice to Defendant.

## II.  PLAINTIFF'S LACK OF ACTION DEMONSTRATES A PATTERN OF NON-COMPLIANCE AND DISREGARD FOR PROCEDURAL OBLIGATIONS

Plaintiff's failure to prosecute this case is consistent with a pattern of non-compliance and disregard for procedural rules, as evidenced by his failure to engage in discovery, file necessary documents, or take any affirmative steps to clarify the basis of his claims. Plaintiff has engaged in an eight year long pattern and practice of bringing frivolous litigation that is then voluntarily withdrawn, or as in this case, abandoned. This history of non-compliance further supports dismissal, as it demonstrates Plaintiff's lack of good faith in pursuing matters against Defendant.

## III.  PLAINTIFF SHOULD BE DECLARED A VEXATIOUS LITIGANT

The abuse of the legal system to deny another person's rights is a fundamental injustice. Sweigert is obsessed with suing Goodman, having committed to doing so for the rest of his life. Plaintiff's outrageous behavior over the past eight years cannot be tolerated by the Court any longer. The strongest sanctions available must be applied to prevent future Lawfare litigation.

**REQUEST FOR RELIEF**

**IV.     DISMISSAL WITH PREJUDICE**

Dismissal with prejudice is appropriate to prevent future abuse of the judicial system. On October 11, 2024, the Court issued an order (Dkt. No 144) indicating that case number 24-cv-2203 has no operative complaint because the District Court for the Southern District of Indiana dismissed it before that case was transferred to this Court. Sweigert has not addressed this deficiency since the transfer on March 25, 2024.

The plaintiff had been ordered by the Indiana court to file a motion titled "Motion for Leave to File Second Amended Complaint" no later than 4:00 p.m. Friday, February 02, 2024. That Motion was to be no more than ten pages and was intended to contain a statement for or against transfer of this case to the Southern District of New York, and a proffer of jurisdictional facts on the amount in controversy; and it was to include a proposed Second Amended Complaint of less than ten pages and complied with all applicable federal pleading standards. Sweigert's failure to comply with that order resulted in the sua sponte transfer of this case to SDNY.

Given Plaintiff's repeated pattern of delay, noncompliance with orders, and failure to prosecute this matter, dismissal with prejudice is appropriate to prevent any future attempts to revive this baseless litigation. Plaintiff's neglect of procedural obligations has disrupted the efficient administration of justice, and a dismissal with prejudice would safeguard against further misuse of the judicial system.

**V.      PLAINTIFF MUST BE DECLARED A VEXATIOUS LITIGANT**

Plaintiff David Sweigert should be declared a vexatious litigant, and he must be enjoined from filing further actions against Defendant without prior approval from the Court. Due to his ongoing pattern and practice of filing meritless and duplicative litigation, and the accompanying

extrajudicial harassment he has engaged in since 2017, Sweigert must be enjoined in the most stringent manner possible. The Court should enjoin Sweigert from any and all communication or contact with Defendant in any manner whatsoever, throughout the known universe, via any means known or unknown and on into perpetuity and also denying communication with any other third party about or in regard to Defendant. This designation would conserve judicial resources, prevent continued harassment, and uphold the principles of justice and fair process.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss this action with prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and declare the Plaintiff a vexatious litigant and additionally award any other relief the Court deems just and proper, including sanctions as necessary to deter further abuse of the judicial process.

Dated: New York, New York November 8, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998